139    383
40SC²162

## COMMONWEALTH v. DAVID DOUGHTY ET AL.

APPEALS BY DAVID DOUGHTY, D. R. CALLEN AND WM. MA-
NEESE FROM THE COURT OF QUARTER SESSIONS OF ALLE-
GHENY COUNTY.

Argued November 8, 1890—Decided January 5, 1891.

1. When, during a criminal trial, a prisoner in another case is called for sentence, and in a statement to the court implicates the defendant in an offence like the one on trial, it is not ground for arrest of judgment, after conviction, the defendant having been permitted to testify in denial of the statement.

2. Three of the defendants on trial for conspiracy having testified on a former trial of a like indictment of themselves and others, it was not error to admit in evidence the stenographer's notes of their testimony, as admissions on their part, so far as tending to prove a conspiracy and their participation in it.

3. Where three of the defendants indicted for a conspiracy entered the plea of autrefois convict, referring to the record of the trial of a former indictment against them, a fourth defendant has no standing to appeal from the order of the court sustaining a demurrer to the plea thus entered.

4. Upon a verdict of guilty on the trial of an indictment averring a false and malicious conspiracy of the defendants to charge certain persons with a violation of the criminal laws, the defendants may be sentenced to three years imprisonment, under § 127, act of March 31, 1860, P. L. 413.

5. On the trial of an indictment for conspiracy containing several counts, it is not reversible error to omit " to instruct the jury to find on each count of the indictment separately, or generally," when there is nothing in the record to show that the court was asked for such instruction.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILL-
IAMS, McCOLLUM and MITCHELL, JJ.

Nos. 12, 17 October Term 1890, Sup. Ct.; court below, No. 753 September Term 1889, Q. S.

To the number and term of the court below, the grand jury returned as a true bill an indictment of Wm. Maneese, Reddy McCall, James Doyle, J. D. Bauder, John Dougherty, D. R. Callen and David Doughty, in four counts.

The first count charged that the defendants " unlawfully did

Statement of Facts.

falsely and maliciously conspire, combine, confederate and agree together to cheat and defraud divers citizens of the said county of their moneys, goods, chattels and property, the names of the said citizens of the said county being to the said inquest unknown, and to do certain other malicious, dishonest and unlawful acts, to the prejudice of the said persons, whose names are to the said inquest unknown." The second count charged that the defendants in pursuance of said unlawful, etc., conspiracy, etc., had, etc., " did falsely and maliciously cheat and defraud the said persons, whose names are to the jurors unknown, of their moneys, goods, chattels and property, and other malicious, dishonest and unlawful acts then and there did," etc. The third count charged, with formal averments, that the defendants conspired to make and cause to be made before David Doughty, William Maneese and D. R. Callen, respectively, aldermen of the city of Pittsburgh, criminal informations charging certain persons, whose names to the inquest were unknown, with certain criminal offences, and by means thereof afterward to extort large sums of money from such persons, as a compensation to defendants for desisting from the further prosecution of said informations. The fourth count, with formal averments, charged that the defendants, in pursuance of said unlawful conspiracy last mentioned, so had and made, did then and there make and cause to be made criminal informations for certain crimes and misdemeanors against persons, before the said aldermen, respectively, and unlawfully and corruptly did demand, exact, extort and receive large sums of money from the persons charged, as a compensation to the defendants for desisting from said prosecutions, etc., etc.

On October 18, 1889, on motion of attorneys for defendants, an order was made upon the district attorney to furnish " a bill of particulars, including specifications as to the times, places and persons involved in the alleged conspiracy." Thereupon, the commonwealth filed a bill of particulars specifying the matters proposed to be shown in support of the indictment, appended a list of prosecutions of persons informed against before said aldermen, and averred " that divers large sums of money were extorted from each and all of said persons for an alleged settlement of such criminal informations," the said list embracing prosecutions before different aldermen of sixty persons, in-

cluding Maggie Raymond, charging divers offences such as
adultery, fornication, and selling liquors without license, in
which the informations were made chiefly by Doyle, Dougherty,
or Bauder.

The indictment was called for trial on November 12, 1889,
when defendants Wm. Maneese, Reddy McCall, D. R. Callen
and David Doughty, pleaded not guilty.

Defendants, James Doyle, J. D. Bauder and John Dougherty,
against whom, at the same term, a verdict had been rendered
upon a like indictment to No. 752 September Term 1889,
pleaded autrefois convict, referring to the record of said last
mentioned indictment. The commonwealth demurred.

By the court: The record referred to, shows only a verdict
of guilty, and no sentence or judgment thereon; it therefore
does not support the plea, and the demurrer is sustained; ex-
ception.[c]

The defendants last mentioned, being then called upon to
plead to the indictment, stood mute; whereupon the court or-
dered the plea of non cul. to be entered as to said defendants.
Issue.

On the trial, the commonwealth called Maggie Raymond and,
after she had testified at length on her examination in chief with-
out objection, and partly on cross-examination, defendants' coun-
sel moved "to strike out all this testimony, as not embraced in
the bill of particulars as to the defendant, Alderman Doughty."
Objected to, for the reason that the witness's name was men-
tioned in the bill of particulars.

By the court: Motion overruled; exception.[8] [9]

A witness for the commonwealth* being on the stand, the
commonwealth proposed to prove:

That the case of the commonwealth against Peter Butterhoff,
being a criminal information for the offence of selling liquor
without license, made by one Lowrey J. Bender before Alder-
man M. F. Cassidy, on June 3, 1889, was settled before said
alderman by the withdrawing of the information, and the pay-
ing of $15 for costs by the prosecutor. That Doughty, one of

---

* Whose name was not given in the assignment of error, nor could the
offer be found in the appendix, to show at what stage of the case the offer
was made.

Statement of Facts.

the defendants, interested himself and was concerned in the said settlement, and that it was through his intervention that the said case was allowed to be settled by the alderman. This to be followed by proof that J. D. Bauder, James A. Doyle and John A. Dougherty, three of the said defendants, were concerned in the settlement of the said case, and that Bender was in the employ and acted for the said J. D. Bauder in the said settlement; that the said Doughty received money for the settlement of the said case, which he appropriated to his own use, and that he made the said settlement in pursuance of the conspiracy alleged in this indictment.

Mr. Moore: Objected to: 1. Because the defendant, David Doughty, is not charged in the indictment with any illegal settlement of the Butterhoff case. 2. Because the defendant, David Doughty, is not charged with any conspiracy with Bender, he not being one of the defendants named in the indictment which we are trying. 3. Because David Doughty, the defendant, is not in the offer proposed to be shown as having any knowledge of the connection of Bauder, or Doyle, or Dougherty, named in the indictment as co-defendants with him. 4. Because the defendant, David Doughty, has a right to secure the settlement of the case as a friend, or acting as a friend and agent of the defendant, Butterhoff, and committed no crime whatever in so settling the case.

By the court: Objection overruled; exception.[2]

E. J. Donnelly, stenographer, called:

The commonwealth proposes to prove by the witness on the stand that upon the trial of the indictment against J. D. Bauder et al. for conspiracy, at No. 752 September Term 1889, on or about October 21, 1889, in this court, Wm. Maneese, D. R. Callen and David Doughty, three of the defendants in this case, were called as witnesses to testify in said case. That they and each of them were cautioned by the court, before testifying, that they need not testify as to anything that would tend to criminate them. That, after being so cautioned, they did testify, and the testimony was fully, completely and accurately reduced to writing by E. J. Donnelly, an official stenographer. The commonwealth further proposes to offer the testimony of said defendants in evidence in this case, in so far as the same affects them.

Charge of Court below.

Counsel for defendants object to the offer: 1. It is an attempt to prove a conspiracy by the declarations of individual defendants, before there is any evidence submitted to the court or jury. 2. Evidence tending to convict the defendants must be submitted to the court, and sufficient in law to show that they conspired and breathed together for a common purpose, before any declarations of any defendant can be offered in evidence. 3. It is incompetent, irrelevant and out of time. 4. The offer does not propose to prove the stenographer's notes. 5. Specially objected to on behalf of defendants McCall and Doughty, as incompetent, unless containing their own admissions or confessions. 6. Objected to, as involving evidence against said defendants in matters in which they were not parties, and in which they were not charged as conspirators, and in which they were not of record as defendants. 7. As incompetent, because containing testimony in relation to matters not embraced in the bill of particulars furnished to said defendants McCall and Doughty.

By the court: I understand, and it is so asserted by the attorneys for the commonwealth, that the witness as a stenographer took the full testimony of the defendants referred to in the offer, at the former trial, and it is proposed to prove the notes, etc., so taken. The offer embraces only the testimony so far as it affects the defendants named. I think it is admissible, as admissions on their part, so far as it tends to prove a conspiracy and their participation in it. The objections to this extent are overruled; exception.[7]

At the close of the testimony, the court, WHITE, J., charged the jury in part as follows:

[Now these defendants are charged with conspiracy. There are seven, I believe, of the defendants in this case. Three of them, Bauder, Doyle and Dougherty, were tried with three others some two weeks or so ago, and all of those six were found guilty. They were those that were concerned in the Bauder agency; Bauder was the head of it, and the others were employees acting under Bauder. Three of those parties are parties to this suit, but there are several others included here; one of them, McCall, and the three aldermen.

This suit embraces most if not all the charges made in the

Charge of Court below.

former suit, and I believe it embraces some not in that. That was a charge of conspiracy, and this is a charge of conspiracy; but different parties were in the former case, not the same parties now that were on trial then. Three of the former ones are parties now, three of them are not. Then we have four other parties now charged with a conspiracy. The conspiracy charged is substantially this: That the defendants confederated or conspired for the purpose of instituting civil suits for penalties and prosecutions for criminal offences, not for the purpose of bringing offenders to justice, but solely for the purpose of personal gain, making money out of these prosecutions by way of compromising them, or settling them contrary to law; that is substantially the charge.

Now, as to three of these defendants, Bauder, Doyle and Dougherty, I presume that the jury will have no difficulty in finding a verdict. They were convicted in the former case, but that verdict is not conclusive against them here. You will pass upon their guilt, in this case, upon the evidence before you. If you find them guilty you will say so by your verdict. It is not at all likely that the court will sentence parties twice for the same offence. The important question in this case is, are these three aldermen guilty, or any one or two of them? As for the other defendant, McCall, while there is some evidence against him, I do not think it is sufficient to convict him, and as the attorney for the commonwealth has very properly stated to the jury, he does not ask his conviction. Of course, in a case of this kind the jury may find all the defendants guilty if they believe the evidence is sufficient, or they may find two or more of them guilty; to constitute a conspiracy there must be at least two.

Now gentlemen, I wish to make a remark about the act [of February 26, 1855, P. L. 53], which has been referred to frequently during this trial. In 1855 an act of the legislature was passed entitled, "An Act to prevent the sale of intoxicating liquors on the first day of the week, commonly called Sunday." . . . . . I say that that act has been used in this city, a great many suits brought on it, and money squeezed out of parties on the ground that they were selling on Sunday, when if they were guilty at all they were guilty of selling without license, having no license. I do not think it applies to parties that

Charge of Court below.

have no license, but it has been used in that way, and has
been used undoubtedly for improper purposes, simply to squeeze
out of them the penalty of fifty dollars, and let them go on sell-
ing without license, conniving at them.   Wherever a case of
that kind is before a magistrate, and the suit is for the fifty
dollars, and the party is brought in on a warrant, it is for sell-
ing without the license presumably, and the magistrate who
will settle the fifty dollar case and drop the other is guilty of a
great wrong.   And that is one main charge in this conspiracy,
that the criminal prosecutions were used for the purpose of
extorting out of these poor creatures, many of them, the fifty
dollars penalty, because in the criminal prosecutions the pros-
ecutor would get nothing, and the magistrate would have no
right to try it.   A magistrate has no right to try any criminal
case, or no right to receive evidence for the defendant in any
criminal case ; all he has to do is to inquire whether there is
sufficient ground to hold that party over to answer in court
for the offence.   But the main charge is, in many of these
cases, that the criminal prosecution was held over these parties
to compel them to pay the fine of fifty dollars for selling on
Sunday, and then let it go.

Now, gentlemen, as the main question in this case is as to
the aldermen, we will inquire what is a conspiracy, and who
may be conspirators. . . . . .

The evidence, on the part of the commonwealth, points to
several illegal acts, of some of the defendants, at least, in the
furtherance of this unlawful purpose, charged as a conspiracy.
They may be classed under five heads, each of which is plainly
unlawful, namely : First, settling a civil suit for the penalty
of fifty dollars, under the act of 1855, for less than fifty dol-
lars.   Neither the prosecutor nor the magistrate has any right
whatever to settle a suit of that kind for less than fifty dollars.
Second, settling the civil suit for the penalty, and dropping or
abandoning the criminal prosecution for selling without a li-
cense ; plainly, palpably wrong and illegal.   Third, settling or
dropping the criminal prosecution because of money or costs
received.   Fourth, compelling parties not guilty to pay costs,
to stop the prosecutions ; that is extortion.   Fifth, commenc-
ing prosecutions for some criminal offence for the purpose of
frightening suspected parties into paying money or costs to

Charge of Court below.

avoid a law suit.   That is a manifest perversion of law and the processes of the law.

If two or more of the defendants were engaged in carrying out all or any one of these offences I have mentioned, they were engaged in an unlawful business, and, if acting in concert, were conspirators.   It is not necessary that each conspirator should personally know all the other conspirators, or should have had any consultation, or concerted action with all the others.   If three or more are in a conspiracy to carry on an unlawful business, and another knowingly unites with one of them in furtherance of the unlawful acts, within the purpose of the conspiracy, he thereby becomes a conspirator, a co-conspirator, although he may not know of others being in the conspiracy.

Now let us look at the duties of aldermen.   An alderman should not take an information for a criminal offence without inquiring into the facts of the case, and being satisfied that there is a reasonable ground for the prosecution.   It is his duty to keep a regular docket in which shall be entered every suit commenced or information made before him, with a full and complete record of all proceedings in the case, and the final disposition thereof, with all costs charged or paid in the same, and also any fine imposed and paid, if any, and the names of all witnesses.   It is also the duty of the magistrate to proceed without delay to the hearing and final disposition of every case. The constable or officer having a warrant, process or subpœna to serve, shall serve the same without delay, and make return thereof immediately to the magistrate, with his return indorsed thereon.   If the constable or officer fail to make return in a reasonable time, it is the duty of the magistrate to require him to make return, and in default thereof, to issue an alias warrant, process or subpœna, and place it in the hands of another officer who will execute it.

If the magistrate is satisfied that the accused is guilty of an indictable offence (unless within the excepted cases, or a trivial case that I will presently refer to), he acts improperly and does wrong to dismiss the case, or permit it to be settled on payments of costs.   Much more is it improper, and even criminal, for him to permit a prosecutor to drop or settle a case, where he has reasonable ground for believing that money has been or is to be paid to the prosecutor.   If the charge turns

Charge of Court below.

out to be a very frivolous one, the magistrate ought to dismiss it after hearing the testimony on behalf of the commonwealth. (But my experience in this court is, that that class of cases is not dismissed by aldermen. At the beginning of every term I have been in this court, we have from two to three hundred cases sent up by aldermen and magistrates of the most trifling character imaginable, that never ought to have come to court. Some poor devils were not able to pay the costs before aldermen, and come up, go before the grand jury and come to court for trial, if there is a true bill; they are not able to pay the costs, but the county has to pay the costs; they have an act passed to that effect. Scores and scores of surety of the peace cases that never should have come here at all, are sent here simply to get costs. For years that has been a crying evil of this county, and hence, I say, in these trifling cases aldermen have a right to dismiss them and ought to dismiss them, and the county has to pay the costs then, but unfortunately there are more costs if they send them to court.) [d]

Now, there is a class of cases that aldermen or magistrates may settle, or permit the parties to settle, I mean. That class of cases is of this kind: where the prosecutor complains of an injury to him personally, or to his property; for instance, common assault and battery on his person, or some injury to his property in the way of a malicious trespass. . . . . .

You will remember many of these cases in which the information was made by Bauder; that the warrants sometimes went to him, and sometimes to his employees in his office. The settlement of such a case without a hearing, or the defendant appearing, or upon sham evidence, is conclusive evidence of corrupt motive in the prosecutor. When there is a criminal prosecution for selling liquor without license, and also a civil suit for the penalty for selling on Sunday, if the civil suit is settled by the payment of the penalty and costs and the criminal prosecution dropped, the inference is irresistible that the prosecutor was influenced by corrupt motives. So, also, where the civil suit is settled for less than the penalty of fifty dollars, and the magistrate, who knowingly permits such settlement of cases before him, is a party to the wrongful, illegal act. If an alderman or magistrate acts honestly and in good faith, but commits a wrong, either through a mistake as to his duty or a

Charge of Court below.

mistake as to the law, he is not to be held criminally responsible. But if, from the frequency of prosecutions and other circumstances, he has good reason to believe that the prosecutions are instituted for improper purposes, and the prosecutor is simply seeking personal gain, he should not only refuse to aid the prosecutor in his unlawful purpose, but should resolutely refuse and expose him. And, if the circumstances are such that the jury may reasonably find that the magistrate knew or believed that the prosecutor was acting corruptly and illegally, and he permitted or connived at such acts, he is as criminally guilty as the prosecutor.] [3]

The counsel for the defendants have asked me to answer certain points:

1. Under the pleadings and the evidence in this case, it is the duty of the jury to find the fact, whether or not the defendants, Bauder, Doyle and Dougherty, have been heretofore convicted on charges the same as those in this indictment.

Answer: Refused.[a]

2. As it appears from the record of this court, at No. 752 September Sessions 1889, given in evidence, that on October 22, 1889, the defendants, Bauder, Doyle and Dougherty, were, on charges same as in this case, tried by jury and found guilty, and that no new trial or arrest of judgment was granted or applied for, and the case stands ready for judgment, the law does not authorize a further verdict against them here.

Answer: Refused.[b]

4. Counsel for David Doughty, one of the defendants in case on trial, respectfully requests the court to charge the jury, as to the fourth count in the indictment, that even if the settlement effected in the case of Peter Butterhoff was illegal, yet, if the jury believe that the said David Doughty acted throughout the entire transaction without criminal intent, and in good faith, as a friend of said Peter Butterhoff, they should acquit as to that count.

Answer: I affirm that point, if the jury believed Doughty did not share in the money received from Butterhoff. You will remember that case; that seventy-five dollars were paid by Butterhoff to Alderman Doughty. Now, if it was a suit for the penalty, that was twenty-five dollars too much. They had no right to demand that in a civil suit for the penalty. If it

Opinion of Court below.

was a criminal prosecution against him for selling without a license, then it was glaringly improper to settle it on the payment of seventy-five dollars, settling a case that ought to have been returned to court; and I say it was glaringly improper for any of the parties to get seventy-five dollars to settle the case that ought to have been returned to court, no difference before whom the information was made, Cassidy or anybody else. But, the evidence is that Alderman Doughty went to Alderman Cassidy's office to get him to settle it, and it is for the jury to say. If he received nothing of the money, that act alone, gentlemen, would not be sufficient to convict him of this conspiracy, but you are to take it in connection with other evidence, and if he received any of that money it would be very strong evidence against him.[4]

The jury returned a verdict finding defendant Reddy McCall not guilty, and defendants Wm. Maneese, James Doyle, J. D. Bauder, John Dougherty, D. R. Callen and David Doughty guilty.

Thereupon, the defendant David Doughty filed a motion for a new trial and in arrest of judgment, for the following reason, among others:

Defendant, David Doughty, says, that whilst his trial in this case was going on, the district attorney called for sentence for illegal liquor selling, one Mrs. Clifford, and in the course of her examination she made serious charges against the said David Doughty, of efforts, to wit, of trying to extort money illegally from her for the settlement of a case pending before him, and that the charge was discussed, tried and disposed of in the presence and hearing of the jury then trying this indictment, to the manifest prejudice and injury of defendant. In assigning this reason, counsel has no intention of attributing any knowledge of the fact to the district attorney or the court, or any intention to do injury to defendant, but believes that it was unforeseen and unexpected, yet its injurious effects justify the assignment as a reason for a new trial and in arrest of judgment.[5]

Other defendants filed a motion for a new trial, and, after argument of the motions, the court, WHITE, J., filed the following opinion:

Opinion of Court below.

From the evidence, there can be no doubt that J. D. Bauder and the men employed by him in his business, to wit, J. Doyle, L. J. Bender, J. A. Dougherty, W. Nagle and F. B. Stoner, were engaged in a conspiracy to extort money by means of criminal prosecutions. They were all found guilty at No. 752 of this term. The question on this trial was, whether the three aldermen, Maneese, Callen and Doughty, were engaged in the conspiracy. I think the evidence justified a verdict against all of them.

What occurred, incidentally, during the trial, when Mrs. Clifford was called up for sentence, was a surprise to the court, and no doubt to all parties concerned. But Alderman Doughty was given full opportunity to contradict what she said, as he did most emphatically. This seemed to be entirely satisfactory to himself and his counsel, for no objection was made to going on with the trial, and no request made to have the case continued. It is too late now to complain of it. It is not at all likely it had any influence upon the verdict of the jury.

Overruling the plea of autrefois convict of Bauder, Doyle and Dougherty, was not injurious or prejudicial to the other defendants. The indictment charged a conspiracy with them. If they had not been defendants in this trial, all evidence proving the original conspiracy and connecting any of the other defendants with it, would have been admissible. The indictment charges a conspiracy of Maneese, Callen, Doughty, Bauder, Doyle, Dougherty, McCall, "together with divers other wicked and evil disposed persons." And, in the bill of particulars furnished by the commonwealth at request of defendants, it is expressly stated that the defendants conspired with L. J. Bender, W. Nagle and F. B. Stoner, in conjunction with those named in the indictment. Also, the case of Peter Butterhoff was stated as one of the cases embraced in the conspiracy. Thus, Alderman Doughty had specific notice that Bender was charged as one of the conspirators.

The evidence was amply sufficient to justify the jury in finding that Alderman Doughty actually knew of the illegal business and practices of the Bauder agency, and that Bender was one of the party. It was sufficient also to justify them in finding that Alderman Doughty was the chief instrument in illegally settling the Butterhoff case, received from Butterhoff

Opinion of Court below.

seventy-five dollars for that purpose, and retained twenty-five dollars for himself. He was thus directly connected with the original conspirators through Bender, and was corruptly concerned in settling one of their cases, in pursuance of the conspiracy.

The testimony of Maggie Raymond in chief was not on the matter complained of, but was brought out rather in consequence of the cross-examination.

In the case of Alderman Callen, the evidence was so clear and strong there is no room for doubt. The same is true in the case of Alderman Maneese. But in his case there are two mitigating circumstances : he received nothing except in the way of costs, and was candid enough to admit all the facts.

And now, November 29, 1889, new trial refused as to all defendants, and motion in arrest of judgment, overruled in all.[5]

—On the same day, sentence was suspended as to defendants, Bauder, Doyle and Dougherty, and Wm. Maneese was sentenced to pay a fine of six cents and the costs, and to imprisonment in the county workhouse for six months; D. R. Callen, to pay a fine of six cents and the costs, and to imprisonment in the county workhouse for three years;[6] and David Doughty, to pay a fine of six cents and the costs, and to imprisonment in the workhouse for one year.

Thereupon, defendant David Doughty took the appeal to No. 12, assigning for error :

1. The admission of Maggie Raymond as a witness.

2. The admission of the commonwealth's offer.[2]

3. The portion of the charge embraced in [ ][3]

4. The answer to the defendants' fourth point.[4]

5. The refusal of the motion in arrest of judgment,[5] for the reason given.[5]

6. The giving of " undue prominence to the evidence against Doughty, and in not presenting the evidence in his favor with fullness and emphasis."

7. The admission of the commonwealth's offer.[7]

8, 9. The refusal of defendants' motions.[8] [9]

The defendants, D. R. Callen and Wm. Maneese took the appeal to No. 17, specifying that the court erred :

1, 2. In refusing defendants' points.[a] [b]

3. In the portion of the charge embraced in [ ][3]

Opinion of the Court.

4. In sustaining the demurrer to the plea of autrefois acquit, filed by Bauder, Doyle and Dougherty.[c]

5. In the language of the charge embraced in [  ][d]

6. In sentencing defendant Callen to three years imprisonment, the section of the act under which he was indicted, to wit, § 128, act of March 31, 1860, P. L. 413, not authorizing imprisonment for over two years.[e]

7. In not instructing the jury to find on each count of the indictment separately, or generally.

*Mr. W. D. Moore* (with him *Mr. T. S. Parker* and *Mr. R. S. Sill*), for David Doughty, appellant.

*Mr. T. J. Keenan* (with him *Mr. L. P. Stone*), for D. R. Callen, appellant; and (with him *Mr. W. D. Moore*), for Wm. Maneese, appellant.

*Mr. Clarence Burleigh* (with him *Mr. R. H. Johnston*, District Attorney, and *Mr. W. D. Porter*), for the Commonwealth, appellee.

DOUGHTY'S APPEAL.

OPINION, MR. CHIEF JUSTICE PAXSON:

This case presents a ragged record, but, after a careful examination of it, we are not prepared to say the judgment of the court below should be reversed. Several of the defendants have appealed, and have furnished us with separate paper-books; others of the defendants have not appealed, and their cases are not before us.

The first assignment of error appears to have been filed under the impression that Maggie Raymond, the witness referred to, was not included in the bill of particulars. An examination of the bill, as printed on page 46 of appellant's paper-book, shows that she was included. Error is not perceived in the admission of the evidence referred to in the second assignment. Indeed, this was practically abandoned upon the argument at bar.

The most serious assignment is the third, which contains a lengthy extract from the charge of the court below. There are some matters in this part of the charge which might well

have been omitted, yet we cannot say there was positive error, or that the court interfered with the province of the jury. The reference to the prior conviction of Bauder, Doyle, and Dougherty appears to have been rendered necessary by the defendant's second point, which prayed for an instruction upon the effect of such prior conviction. Aside from this, there is no appeal by either of the three men referred to.

The defendant's fourth point was affirmed with a qualification that was justified by the facts in the case. If Doughty acted, in the settlement of the Peter Butterhoff case, in entire good faith, merely to oblige a friend and without a criminal intent, he ought not to have been convicted, and so the learned judge instructed the jury; but if Doughty received twenty-five dollars for procuring such settlement, the case presented an entirely different aspect. This matter was fairly submitted to the jury.

The reason given in the fifth assignment for not arresting the judgment is without merit. The statement of Mrs. Clifford, made in another case in the presence of the jury, was an accident, for which neither the court below, the district attorney, nor any one else was responsible. If any harm was done, it was legally cured by allowing Doughty to go upon the stand to contradict her, which he did very thoroughly.

The sixth assignment alleges that the court erred in giving undue prominence to the evidence against Doughty, and in not presenting the evidence in his favor with equal fullness and emphasis. An examination of the charge does not bear out the assignment. Considerable latitude and discretion must necessarily be left with the trial judge in commenting upon the evidence; and, unless it is unfair and misleading, we ought not to interfere. We cannot say this charge was so.

The seventh assignment alleges error in admitting the stenographer's notes of testimony on the former trial of Bauder et al., at September Sessions, 1889. Three of the defendants in this case testified in that case, and the testimony was admitted only so far as it affected them. The court below held that it was " admissible, as admissions on their part, so far as it tends to prove a conspiracy, and their participation in it." Their admissions or declarations would be evidence against

Opinion of the Court.

them to show their share in a conspiracy; and, if so, why not their testimony under oath? This assignment is not sustained.

The eighth and ninth assignments have been sufficiently disposed of by what has been said about the first.

The judgment against David Doughty is affirmed.

In the case of appellant D. R. Callen, who was convicted under the same indictment, there are two questions which are not covered by what has been said in Doughty's case. The fourth assignment alleges that the court erred in sustaining the demurrer to the plea of autrefois convict filed by Bauder, Doyle, and Dougherty. What defendant Callen had to do with this has not been made to appear. The defendants, who put in this plea, do not complain of the action of the court, and Callen has no standing to do so.

Complaint is made in the sixth assignment that the appellant was sentenced to three years' imprisonment, while the 128th section of the act of March 31, 1860, authorizes imprisonment for only two years. It is begging the question to assume that this indictment was laid under said section 128. As before observed, it contains four counts, in one of which it is averred that the defendants falsely and maliciously conspired to charge certain persons with a violation of the criminal laws. This offence is punishable by the 127th section of the act of 1860 by three years' imprisonment. Even if we are mistaken in this, the defendants were convicted generally, i. e., upon each count of the indictment, and might thus have been sentenced upon each count. They were sentenced generally upon the whole indictment for a term much less than might have been imposed.

The appellant has no just cause of complaint.

The judgment in this case is affirmed.

The case of appellant William Maneese presents no question which has not already been disposed of, except the sixth assignment, which alleges that the court below erred in " not instructing the jury to find on each count of the indictment separately, or generally, and the finding of guilty was generally on all the four counts, which the evidence did not warrant." There is nothing in the record to show that the court

was asked for any such instruction, and its omission is not error.

> The judgment is affirmed, and it is now ordered that the respective appellants surrender themselves forthwith to the custody of the high sheriff of Allegheny county, for confinement according to the sentence of the court below.