# Commonwealth *v.* Ensign, Appellant (No 1).

*Criminal law—Evidence—Banks and banking—Schedule and books of bankrupt.*

1. Upon the trial of an indictment drawn under the Act of May 9, 1889, P. L. 145, charging the receiving of deposits by an insolvent banker, with knowledge that he is at the time insolvent, schedules filed by the defendant in involuntary bankruptcy, and testimony of an expert accountant based upon an examination of his banking books that he had turned over to the trustee in bankruptcy, are admissible against him.

2. The provision of sec. 860 of the revised statutes of the United States, providing that no pleading or evidence in a judicial proceeding shall be used against a party "in any court of the United States in any criminal proceeding," applies only to criminal proceedings in federal courts.

3. The proviso in clause 9 of sec. 7 of the federal bankruptcy act of 1898, to the effect that no testimony given by a party in bankruptcy proceedings shall be offered in evidence against him in any criminal proceeding, applies only to testimony given by the bankrupt upon his examination, and not to the schedules referred to in the earlier parts of the section.

4. In the absence of statutory regulation of the subject testimony and written statements voluntarily given or made by a party or witness in a judicial proceeding are as admissions and confessions competent against him on the trial of any issue in a criminal case to which they are pertinent; and schedules and books offered by a bankrupt under the provisions of the federal act are to be considered as voluntarily offered.

5. An order of reference under the seal of the United States district court and forwarded by the clerk to the referee in bankruptcy is admissible in a criminal proceeding in a state court, if there is no other objection to it except that it was a "piece of testimony growing out of the bankruptcy proceedings."

Argued April 12, 1909. Appeal, No. 162, April T., 1909, by William A. Ensign, from judgment of Q. S. Erie Co., Sept. T., 1908, No. 39, on verdict of guilty in case of Commonwealth *v.* William A. Ensign and Charles A. Ensign. Before Rice, P. J., Porter, Henderson, Morrison, Orlady and Head, JJ. Affirmed.

Indictment for receiving bank deposits when the banker is insolvent. Before WALLING, P. J.

At the trial the court admitted under objection and exception schedules in bankruptcy signed by the defendants in involuntary bankruptcy proceedings. [1]

The court also admitted in evidence under objection and exceptions statements and compilations made by an accountant from the private banking books of the defendants which had been turned over to the trustee in the involuntary bankruptcy proceedings and produced in court by the trustee. [2]

The court admitted in evidence under objection and exceptions a copy of order of reference in the bankruptcy proceeding. It was "objected to as incompetent and that it was another piece of testimony growing out of the bankruptcy proceedings." [3]

Verdict of guilty, upon which the prisoner was sentenced to pay a fine of $2,000 and undergo one year's imprisonment in the penitentiary.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions.

*John B. Brooks*, with him *Paul A. Benson*, for appellants.— If a man has been declared an involuntary bankrupt he is not going to turn over books and papers to be used as evidence against him in a subsequent criminal prosecution, and unless he does do these things the national bankruptcy law will become a farce, and its more beneficent provisions will be made inoperative: United States v. Marsh Chambers, 13 Am. Bankr. Rep. 708; Brown v. Walker, 161 U. S. 591; Boyd v. United States, 116 U. S. 616; Bonesteel v. Sullivan, 104 Pa. 9.

*W. Pitt Gifford*, district attorney, for appellee.—The answers and other testimony which are voluntarily given by a witness in any case or proceeding, civil or criminal, as before a commissioner in bankruptcy, a committee of the legislature, a committing magistrate, a grand jury, a coroner, a fire inquest, or any court in an ordinary lawsuit, are as admissions or con-

fessions competent against him on any issue in a criminal case to which they are pertinent: Williams v. Com., 29 Pa. 102; Hendrickson v. People, 10 N. Y. 13; Com. v. Reynolds, 122 Mass. 454; Vermont v. Duncan, 4 Lawyers' Rep. Ann. (N. S.) 1144, note; People v. Wieger, 100 Cal. 352; People v. Arnold, 40 Mich. 710; Fellerman's Case, 17 Am. Bankr. Rep. 785.

The United States supreme court, in Counselman v. Hitchcock, 142 U. S. 547, in construing a clause, in the interstate commerce act, which was in the following language, precisely similar to sec. 7*a*, clause 9, of the bankruptcy act: "But such evidence or testimony shall not be used against such person on the trial of any criminal proceeding," held that such provision did not grant immunity from prosecution, and hence, did not take away the privilege of the witness to refuse to answer questions which might incriminate him.

Following this ruling of the United States supreme court, the federal court, in In re Nachman, 8 Am. Bankr. Rep. 180, held that the bankrupt, when under examination before a referee in bankruptcy, cannot be compelled to answer a question, the answer to which he claims will tend to incriminate him. Similar rulings are to be found in In re Feldstein, 4 Am. Bankr. Rep. 321; In re Walsh, 4 Am. Bankr. Rep. 693; In re Henschel, 7 Am. Bankr. Rep. 207; In re Shera, 7 Am. Bankr. Rep. 552; In re Smith, 7 Am. Bankr. Rep. 213.

The fatal weakness of appellants' position is that they filed their schedules in bankruptcy and turned over their books of account to their trustee in bankruptcy, when they might have objected, on the ground that this would incriminate them, but this they failed to do. In the face of all the authorities, this rendered their statements thus made voluntary: McElree v. Darlington, 187 Pa. 593; In re Nachman, 8 Am. Bankr. Rep. 180.

It was upon this very explicit act of Congress, applying only to the courts of the United States, and not upon any provisions of the bankruptcy act, or general orders in bankruptcy, or constitutional provision, that the United States courts based their refusal to admit the schedules in bankruptcy in the cases referred to by appellant.

OPINION BY RICE, P. J., July 14, 1909:

The principal question for decision is, whether upon the trial of an indictment, drawn under the Act of May 9, 1889, P. L. 145, charging the receiving of deposits by an insolvent banker, with knowledge that he is at the time insolvent, schedules filed by the defendant in involuntary bankruptcy, and testimony of an expert accountant based upon an examination of his banking books that he had turned over to the trustee in bankruptcy, are admissible against him. What we shall say regarding the evidence furnished by the schedules will apply with equal force to the objection that the evidence furnished by the books could not be used against the defendant.

1. Section 860 of the revised statutes of the United States is as follows: "No pleading of a party, nor any discovery or evidence, obtained from a party or witness by means of a judicial proceeding in this or any foreign country, shall be given in evidence, or in any manner used against him or his property or estate, in any court of the United States, in any criminal proceeding, or for the enforcement of any penalty or forfeiture; provided, that this section shall not exempt any party or witness from prosecution and punishment for perjury committed in discovering or testifying as aforesaid." The terms "any court of the United States" obviously mean any federal court, and therefore this section of the revised statutes and the decisions under it may be dismissed as inapplicable to the present case.

2. Clause 8 of sec 7. of the bankruptcy act of 1898 provides that the bankrupt, whether voluntary or involuntary, shall prepare, make oath to, and file in court a schedule of his property, showing certain facts in detail. Clause 9 of the same section provides that when present at the first meeting of his creditors, and at such other times as the court shall order, he shall submit to an examination of his bankruptcy, his dealings with his creditors and other persons, the amount, kind and whereabouts of his property, and in addition, all matters which may affect the administration and settlement of his estate. Immediately following these provisions relating to the examination of the bankrupt and forming part of the same

clause is the proviso, "but no testimony given by him shall be offered in evidence against him in any criminal proceeding." In a well-considered opinion overruling the defendant's motion for new trial and in arrest of judgment the learned trial judge likened the schedule to a statement of claim, a bill of particulars, or an affidavit of defense, which are not ordinarily part of the testimony in a case unless offered as such, and upon consideration of the immediate context held, that the proviso above quoted refers to the testimony given by the bankrupt upon his examination and not to the matters set out in the earlier parts of the section. We concur in this conclusion.

3. Counsel contend that the use of the schedules and the books in this trial was in violation of the defendant's rights under the provision of the federal constitution, that no person "shall be compelled in any criminal case to be a witness against himself," and the provision of the state constitution that in criminal prosecutions the accused "cannot be compelled to give evidence against himself." It is to be observed that the commonwealth did not obtain these documents by any compulsion exerted by it upon the defendant. But it is said the schedules were filed and the books were delivered to the trustee by compulsion of the provisions of the bankruptcy law and of the general orders in bankruptcy, and therefore they could not be used in any criminal prosecution of the defendants either in the state courts or in the United States courts. It is to be observed in this connection, (1) that the bankruptcy act attaches no penalty to the bankrupt's failure to file the schedule; (2) that the schedules involved in the present case were not filed under compulsion of any special decree or order of court or of any attachment or proceeding for attachment; (3) that the defendants did not object to filing them upon the ground that thereby they would furnish evidence that might criminate them; (4) that they did not file them under the inducement of any provision of any act of congress or of the state legislature prohibiting them from being used against them in any criminal prosecution in the state courts; (5) that it does not appear that at the time they filed them they were under arrest or had been charged with a criminal offense or were under any sort of

duress. Generally speaking, and in the absence of statutory regulation of the subject, testimony and written statements voluntarily given or made by a party or witness in a judicial proceeding, are as admissions and confessions competent against him on the trial of any issue in a criminal case to which they are pertinent, and, according to the great weight of authority such statements and testimony are considered voluntary when given or made under the circumstances above enumerated: Wharton, Crim. Ev., sec. 664; 1 Roscoe, Crim.. Ev. (8th ed.), pp. 82, 245; 1 Greenleaf on Ev., sec. 225; Williams v. Com., 29 Pa. 102; Hendrickson v. People, 10 N. Y. 13; Com. v. Reynolds, 122 Mass. 454; Vermont v. Duncan, 4 L. R. A. (N. S.) 1144 note; People v. Wieger, 100 Cal. 352. In addition to these we may mention Abbott v. People, 75 N. Y. 602; Com. v. Doughty, 139 Pa. 383; Com. v. House, 6 Pa. Superior Ct. 92. It follows that the court did not commit error in admitting the papers and testimony referred to in the first two assignments of error.

The order of reference quoted in the third assignment of error was under the seal of the United States district court for the proper district, was forwarded by the clerk of said court to the referee in bankruptcy, and was produced and identified by him who was the legal custodian of the document. The objection made to its admission does not satisfactorily show that it was objected to on the ground that it was not properly executed or proven. But the objection seems to have been based on the ground "that it is another piece of testimony growing out of the bankruptcy proceedings." Under the circumstances, no error was committed in admitting the paper.

All the assignments of error are overruled, the judgment is affirmed and the record is remitted to the court of quarter sessions of Erie county to the end that the sentence be fully carried into effect.