Commonwealth *v.* Krolak (et al., Appellant).

Argued October 8, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Franklin B. Hosbach*, with him *Hosbach & Good*, for appellant.

*Damian McLaughlin*, District Attorney, for appellee.

OPINION BY FINE, J., March 15, 1949:

John Dougherty, appellant, who was thrice convicted of assault and battery on separate trials on three indictments,[1] relies for reversals on the refusal of the trial judge to grant continuances in cases No. 47 and No. 53, February Sessions, 1948, on trial errors in the reception of testimony offered by the Commonwealth in rebuttal in No. 48 February Sessions, 1948, the case first tried, and in reception at trial of No. 47 of admissions made by certain defendants in a former trial. We are all of the opinion that there was ample evidence to support the verdicts, that the appellant had fair trials and that the verdicts should not be disturbed.

A recital of the essential facts will avoid later repetition and will clarify the legal questions raised. Dougherty, Robert Krolak and Donald Klemm travelled about the City of Erie in a borrowed car on the night of November 16, 1947, seeking victims to satiate their ruffianism. Between nine and nine-thirty p.m., their cruel, brutal and wicked dispositions found ready exercise, and in quick succession, on William Wotochek, Edward Burns and John Rickrode. At 10:20 p.m., same night, James Floros was assaulted, and twenty-five minutes later Alfred Walsh, their last victim, felt the fury of their attack. It is unnecessary to describe the nature of the various assaults as all were of a similar pattern. They were unprovoked and utterly devoid of a modicum of decency or fair play and were the offspring of thugs cowardly exercising care to spot victims who were unaccompanied and who were therefore unable to

---

[1] On indictments No. 47 and No. 48, February Sessions, 1948, appellant's demurrers to the charge of aggravated assault and battery were sustained by the court below.

cope with the terrific odds posed by the three ruffians.

Dougherty, Klemm and Krolak were jointly tried and convicted of assault and battery on Alfred Walsh on indictment No. 48, which was the first action called for trial. The appellant, Dougherty, testifying in his own behalf, stated that he acted in self-defense and that he did not touch Walsh at any time. The Commonwealth called four witnesses,—Floros, Burns, Rickrode and Wotochek, victims of the three defendants, — to testify about the unprovoked assaults upon them for the purpose of rebutting Dougherty's testimony that he acted in self-defense and that Walsh was the aggressor. The trial judge properly admitted that testimony as it was calculated to negative the plea of self-defense by establishing a wilful commission of a series of unprovoked assaults, immediately preceding the one for which appellant was being tried, according to plan, scheme or design of the appellant and his co-defendants. As stated in *Commonwealth v. Strantz,* 328 Pa. 33, 43, 195 A. 75: "To assert . . . that all these . . . lawless characters did [what] was done 'without pre-arrangement' simply 'begs the question.' The heart of every conspiracy is a common understanding, no matter how it comes into being." Cf. *Commonwealth v. Rouchie,* 135 Pa. Superior Ct. 594, 601, 7 A. 2d 102.

Evidence of a crime distinct from that for which appellant is being tried is not generally admissible. However, such evidence is competent when it tends to establish a common scheme, design, motive or intention: Cf. *Commonwealth v. Strantz,* supra; *Commonwealth v. Chalfa,* 313 Pa. 175, 177, 178, 169 A. 564. Where, as here, the defendant asserts that he was attacked and acted in self-defense, it is not error for the Commonwealth to adduce evidence tending to establish that he and his companions had been engaged in a continued series of assaults and batteries for one of which the defendant was being tried.

Dougherty, appellant, and Krolak were convicted of assault and battery on the second trial, No. 47 February Sessions, 1948. Appellant complains that the court below erred in permitting the court stenographer to recite from her notes certain admissions of Krolak and appellant during the first trial tending to show that both were present at the scene when Wotochek was assaulted. These admissions were restricted solely to corroboration of Wotochek's positive identification of appellant as one of his assailants. The jury was not acquainted with other testimony adduced at the previous trial. As the appellant later admitted that he was at the scene of the assault, although denying any participation in the crime, it is difficult to understand, considering the limited scope of the challenged admissions, how he was prejudiced by the testimony of the court stenographer. Moreover, the appellant received more than he was entitled to when the admissions were received subject to the limitation. "An admission voluntarily made by a witness in a judicial proceeding, is competent on a subsequent trial of any issue in a criminal case to which it is pertinent. . . . A prior admission or declaration is evidence against one on trial in a criminal proceeding. With more reason, prior testimony, voluntarily given under oath, is admissible for the same purpose": *Commonwealth v. Cavanaugh*, 159 Pa. Superior Ct. 113, 119, 46 A. 2d 579. Cf. *Commonwealth v. Ensign*, 228 Pa. 400, 77 A. 657; *Commonwealth v. Doughty*, 139 Pa. 383, 397, 21 A. 228; *Commonwealth v. Roth*, 71 Pa. Superior Ct. 71; *Commonwealth v. House*, 6 Pa. Superior Ct. 92, 104; Henry, Trial Evidence, (3d Ed.) p. 101.

All three defendants; Dougherty, Krolak and Klemm, were convicted on the third trial, No. 53 February Sessions, 1948. The only assignment of error [2] in this

---

[2] All of the assignments of error violate the Rules of our Court. This appeal could be dismissed because of such non-conformance.

case,—also assigned in No. 47 February Sessions, 1948—is the refusal of appellant's motion for continuance on the grounds that (1) newspaper publicity was highly prejudicial and (2) that many of the jurors in the second and third trials were in the court room when other indictments were being tried and therefore had knowledge of facts developed at the prior trial or trials. Appellant apparently recognizes the weakness of his contentions, for nowhere, either in his brief or in the record, has he detailed or described the nature of the publicity or suggested the manner in which he could have been prejudiced. The court below did not err when it concluded that the defendants had a fair trial and the grant of a new trial would perpetrate an injustice. Cf. *Commonwealth v. Schurtz*, 337 Pa. 405, 409, 410, 10 A. 2d 378; *Commonwealth v. Deutsch*, 72 Pa. Superior Ct. 298.

With regard to the motion for continuance on the ground that the panel of jurors may have heard the evidence in other cases against the same defendants, reference need only be made to what was said in *Commonwealth v. Celli*, 153 Pa. Superior Ct. 88, 92, 33 A. 2d 97: "A juror, to be qualified, need not 'eliminate everything that was said' from his mind, even though what he heard was in the court room or as a juror in another similar case. . . . The time and place to ascertain these things was by the examination of each juror on his voir dire. . . ." Here, as in *Commonwealth v. Celli*, supra, no attempt was made by counsel for appellant to avail himself of the right to examine the jurors on their *voir dire* prior to the time they were accepted. It was pertinently stated in *Commonwealth v. Strantz*, 328 Pa. 33, 45, 195 A. 75, that: "When a man plans an extensive program of crimes and elects to complete that program in a single evening, with only brief intermissions between acts, he cannot with justice complain if the Commonwealth in bringing him to trial attempts

to imitate, even though it cannot equal, his celerity. No right of defendant was invaded by these rapidly successive trials." Applications for continuances are addressed to the sound discretion of the trial judge, and the action taken thereon in the absence of manifest abuse thereof will not be disturbed: *Commonwealth v. Schurtz*, 337 Pa. 405, 10 A. 2d 378; *Commonwealth v. Deni*, 317 Pa. 289, 176 A. 919; *Commonwealth v. Crandall*, 145 Pa. Superior Ct. 353, 21 A. 2d 232; *Commonwealth v. Rouchie*, 135 Pa. Superior Ct. 594, 7 A. 2d 102; *Commonwealth v. Roberts*, 163 Pa. Superior Ct. 43, 45, 60 A. 2d 397.

The evidence amply supports the verdicts and the judgments will be affirmed.

The assignments of error are overruled, the judgments of the court below are affirmed and defendant is directed to appear in the court below at such time as he may be there called, that he may by that court be committed until he has complied with its sentence or any part of it that had not been performed at the time the appeal was made a supersedeas.