## Commonwealth *v.* Niemi, Appellant.

Argued April 11, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Ernest L. Green, Jr.,* with him *Harold R. Gill,* for appellant.

*C. William Kraft, Jr.,* District Attorney, with him *R. Paul Lessy,* Assistant District Attorney, for appellee.

OPINION BY MR. JUSTICE JONES, May 22, 1950:

This is an appeal from a judgment entered on a verdict of guilty of murder in the first degree with sentence of death. The material facts attending the homicide fully appear in *Commonwealth v. Maloney,* 365 Pa. 1, 73 A. 2d 707, and need not again be related. Niemi, the present appellant, was admittedly an active participant in the felonious killing, having fired the fatal shot in the perpetration of a robbery. He and Maloney were tried separately for murder.

The appellant's principal contention is that the trial judge erred in admitting in evidence proof of prior convictions of the defendant for unrelated crimes. Such proofs were received for the information of the jury in fixing the penalty in the event it found the defendant guilty of murder in the first degree. That practice received the approval of this court several decades ago as a corollary of the Act of May 14, 1925, P. L. 759, which conferred upon the jury the power to fix the penalty as between death and life imprisonment on a conviction of murder in the first degree: see *Commonwealth v. Parker*, 294 Pa. 144, 151, 143 A. 904 (1928); and *Commonwealth v. Flood*, 302 Pa. 190, 194-195, 153 A. 152 (1930). The 1947 amendment (Act of July 3, 1947, P. L. 1239) of the Criminal Evidence Act of 1911 (Act of March 15, 1911, P. L. 20) was designed to render such proofs inadmissible for the purpose indicated but was declared inoperative and unconstitutional by a majority of this court in 1949: *Commonwealth v. DePofi*, 362 Pa. 229, 230-248, 66 A. 2d 649. So that, the prior practice still obtains. The appellant makes no complaint whatsoever as to the manner of the trial court's submission of the evidence to the jury. It follows, therefore, that reception of the assailed proofs did not constitute legal error.

The appellant's remaining contentions relate to supposed prejudice against him allegedly created in the minds of prospective jurors (1) by his being called for trial on the murder indictment a day after he had been convicted of unrelated crimes of robbery and burglary in a different courtroom, (2) by his being placed on trial on the murder indictment shortly after his prior criminal record had been openly read in the other courtroom for the information of the judge, sitting there, in sentencing the defendant on his conviction of the day before for the unrelated crimes and (3) by the prospective jurors hav-

ing an opportunity before the trial for murder was begun of learning of the defendant's prior criminal record from jurors from the other courtroom who mingled among them.

For these reasons, defendant's counsel moved for a continuance of the trial to the succeeding week when a new panel of jurors would report for duty. The district attorney objected for the reason that no justifiable ground for the suggested prejudice existed inasmuch as the jurors in the other courtroom who had sat on the defendant's trial of the day before or who had been present there and had heard the defendant's record of prior crimes when it was read out in open court were not among the jurors in the courtroom where the murder indictment against the defendant had been called for trial and, further, that defendant's counsel had a right to examine the jurors on their voir dire to determine whether any prejudice existed among them. The learned trial judge refused the defendant's motion and the trial ensued.

Forty-six veniremen were carefully and thoroughly examined on their voir dire by the district attorney and by counsel for the defendant before a jury of twelve and two alternates for the trial of the case were accepted and sworn. Our reading of that testimony failed to disclose a single instance where any juror exhibited a prejudice of the nature indicated by the defendant's objections. On the contrary, counsel's acceptance of the jurors actually selected for service appears to have been wholehearted and well justified. It so happened that, after twelve jurors and one alternate had been accepted, counsel for defendant renewed his objection to the selection of the jurors from those in the courtroom, specifying this time that he then saw sitting in the courtroom a juror whom he recognized as having been present in the other courtroom the day before. This objection was equally

without merit. The voir dire examination of the additional alternate, thereafter selected, shows her to have been unprejudiced by any prior knowledge of the defendant and that she was in all respects acceptable. Beyond that, the twelve regular jurors had been accepted for service by both sides before the defendant's further objection was made, and the two alternates were ultimately dismissed as unnecessary and did not participate in the jury's deliberation on the question of the defendant's guilt. It is evident, therefore, that the defendant was not harmed by any prejudice in fact on the part of any of the jurors.

As a matter of law, applications for continuance are addressed to the sound discretion of the trial judge whose action in respect thereof will not be disturbed in the absence of a manifest abuse of discretion: *Commonwealth v. Schurtz*, 337 Pa. 405, 409, 10 A. 2d 378; *Commonwealth v. Deni*, 317 Pa. 289, 292, 176 A. 919; see also *Commonwealth v. Krolak*, 164 Pa. Superior Ct. 288, 292, 64 A. 2d 522, and cases there cited. There is nothing in the record in this case that would justify our holding that the learned trial judge abused his discretion in the premises. No right of the defendant was invaded by the successive trials: *Commonwealth v. Strantz*, 328 Pa. 33, 45, 195 A. 75; *Commonwealth v. Krolak*, supra; and *Commonwealth v. Celli*, 153 Pa. Superior Ct. 88, 92, 33 A. 2d 97.

As our function on appeal is limited to reviewing for possible trial error, we necessarily refrain from considering the academic but nonetheless extraneous matter urged upon us by counsel for the defendant.

Judgment and sentence affirmed.