434 A.2d 191

**COMMONWEALTH of Pennsylvania,**

v.

**Cecil David BARNHART, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed Aug. 28, 1981.

Alphonse P. Lepore, Jr., Uniontown, for appellant.

Gerard R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before CERCONE, President Judge, and SHERTZ and WIEAND, JJ.

WIEAND, Judge:

Cecil David Barnhart was tried by jury and was convicted of burglary[1] and criminal conspiracy.[2] After post trial motions had been denied and sentence imposed, Barnhart appealed on the grounds that (1) the verdict was against the weight of the evidence and (2) that the trial court erred in denying a defense motion for mistrial when a co-conspirator, testifying as a Commonwealth witness, mentioned other burglaries committed earlier during the same evening. We disagree and affirm the judgment of sentence.

1. 18 Pa.C.S.A. § 3502.

2. 18 Pa.C.S.A. § 903.

Roy Paul Warman, an admitted accomplice, testified that on the evening of December 27, 1978, he, Marty Cole and the appellant, Cecil Barnhart, had agreed to burglarize a Gas and Go station in Normalville, Fayette County. Appellant was the driver. While he remained in his car, Warman and Cole entered the gas station and removed money, cigarettes, a telephone and a set of torches. These were placed in the trunk of appellant's car whereupon the three men drove away. Warman could not recall how the stolen items were distributed.

 It has long been the law of this Commonwealth that the uncorroborated testimony of an accomplice is sufficient to convict a defendant. *Commonwealth v. Bradley*, 449 Pa. 19, 21, 295 A.2d 842, 844 (1972). See also: *Commonwealth v. Bruno*, 316 Pa. 394, 402, 175 A. 518, 521 (1934); *Commonwealth v. Richbourg*, 263 Pa.Super. 494, 398 A.2d 685 (1979); *Commonwealth v. Ridgely*, 243 Pa.Super. 397, 365 A.2d 1283 (1976). Before a court will award a new trial on the ground that the verdict was against the weight of the evidence, it must appear from the record that the jury's verdict was so contrary to the evidence as to shock one's sense of justice and to make the award of a new trial imperative, so that right may be given another opportunity to prevail. *Lupi v. Keenan*, 396 Pa. 6, 8, 151 A.2d 447, 449 (1959). This is not such a case. The court below properly refused to find the verdict contrary to the weight of the evidence.

During Warman's direct examination, he was asked if he and his co-conspirators had discussed the burglary at the Gas and Go prior to its occurrence. The witness responded, "No, there was prior burglaries—it was just on our way back." Appellant's counsel moved for a mistrial, which was denied. On appeal, he contends that this was error.

This testimony clearly implicates appellant in other, unspecified burglaries committed shortly prior to the one giving rise to the charges for which he was being tried. It suggests that while appellant and his co-conspirators were returning from the commission of other burglaries, they discussed and then decided to enter the Gas and Go service station.

■ As a general rule, evidence of other, distinct crimes is inadmissible because the commission of one crime is not proof of the commission of another and because of the prejudice caused to the defendant by such evidence. *Commonwealth v. Fortune*, 464 Pa. 367, 372–73, 346 A.2d 783, 786 (1975); *Commonwealth v. Groce*, 452 Pa. 15, 303 A.2d 917 (1973); *Commonwealth v. Foose*, 441 Pa. 173, 272 A.2d 452 (1971); *Commonwealth v. Wable*, 382 Pa. 80, 114 A.2d 334 (1955). However, special circumstances justifying exceptions to the general rule exist when evidence of other crimes tends to prove (1) motive; (2) scienter or intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing the commission of two or more crimes so related that proof of one tends to prove the other as well; and (5) to establish the identity of the person charged with the commission of the offense. *Commonwealth v. Peterson*, 453 Pa. 187, 197–98, 307 A.2d 264, 269 (1973); *Commonwealth v. Boulden*, 179 Pa.Super. 328, 116 A.2d 867 (1955). Recent decisions of this Court have added an additional consideration. Thus, even if a particular exception to the general rule is applicable, the trial court is nevertheless required to balance the need for the evidence against its potential prejudice in order to determine its admissibility. *Commonwealth v. Wright*, 259 Pa.Super. 293, 393 A.2d 833 (1978); *Commonwealth v. Bradley*, 243 Pa.Super. 208, 364 A.2d 944 (1976).

■ In the instant case, appellant was seated in his car during the time when Warman and Cole effected entry of and removed property from the Gas and Go. The fact that appellant, together with Warman and Cole, had been engaged in the commission of other burglaries immediately prior thereto was relevant to show that appellant was not an innocent bystander but a knowing and active participant in an unlawful criminal confederation. The fact that the three men were returning from other burglaries when they decided to enter the Gas and Go also demonstrated a common scheme or plan which tended naturally to show that appellant was a participant in the burglary for which he was being tried.

Evidence of crimes committed prior to the offense charged has been held relevant and admissible to explain the relationship between alleged co-conspirators. *Commonwealth v. Darcy*, 362 Pa. 259, 66 A.2d 663 (1949); *Commonwealth v. Strantz*, 328 Pa. 33, 195 A. 75 (1937); *Hester v. Commonwealth*, 85 Pa. 139 (1877); *Commonwealth v. Vecchiolli*, 208 Pa.Super. 483, 224 A.2d 96 (1966). Evidence of other attacks on different men on the same night has also been held relevant and admissible to show scheme, plan or design in a prosecution for assault and battery. See: *Commonwealth v. Krolak*, 164 Pa.Super. 288, 64 A.2d 522 (1949). Similarly, evidence of other robberies committed the same night as the offense for which the defendant was on trial has been held to be relevant and admissible because it constitutes a link in a chain of closely connected crimes and thus tends to show the intention of the defendant. See: *Commonwealth v. Foster*, 364 Pa. 288, 292, 72 A.2d 279, 281 (1950); *Commonwealth v. Darcy*, supra, 362 Pa. at 281–82, 66 A.2d at 674–75 (1949); *Commonwealth v. Brooks*, 355 Pa. 551, 553, 50 A.2d 325, 327 (1947).

Under the circumstances of the instant case, the application of a balancing test did not compel the grant of appellant's motion for mistrial. The testimony was introduced by Warman's responsive but unexpected answer to a proper question by the District Attorney. When it became apparent that appellant and his alleged accomplices had been engaged in a burglary spree on the night of the offense for which appellant was being tried, the trial judge determined that the evidence was relevant and admissible. Indeed, it then appeared that the evidence was quite necessary. It was necessary to show that appellant, who was merely seated in his car while the burglary was being committed, was a knowing, intentional and active participant in the crime which had been physically committed by Warman and Cole.

■ Appellant also complains that the trial court gave no cautionary instructions. The record discloses, however, that no such instructions were requested at the time when the

motion for mistrial was made and denied. Moreover, at the close of the trial court's jury instructions, appellant expressed satisfaction therewith and requested no additional instructions. This issue, therefore, has not been preserved for appellate review. *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974); *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974).

The judgment of sentence is affirmed.

SHERTZ, J., files a concurring opinion.

SHERTZ, Judge, concurring:

Although I agree with the conclusion reached by the majority, I would affirm on other grounds. Reference to prior criminal activity need not always be deemed so prejudicial as to have denied a defendant a fair trial. Minor, isolated and ambiguous references, such as the one in the instant case, do not mandate a reversal. *Commonwealth v. Colon,* 264 Pa.Super. 314, 399 A.2d 1068 (1979); *Commonwealth v. Jackson,* 248 Pa.Super. 420, 375 A.2d 168 (1977).

Warman's unsolicited response (at 192) did not: (a) identify the Appellant as being the person, or one of the persons, who accompanied Warman "on (their) way back"; (b) indicate where Warman and his unidentified companion(s) were coming from "on (their) way back"; (c) describe the activities of Warman and his unidentified companion(s) at the unspecified location(s) from which they were coming; (d) indicate that Warman, Cole or Appellant had participated in the "prior burglaries"; (e) indicate that Appellant had any knowledge of the "prior burglaries"; (f) indicate when the "prior burglaries" had occurred; nor (g) identify the target(s) of the "prior burglaries". Consequently, Warman's response, *taken in context with the District Attorney's question,*[1] may reasonably be interpreted to mean that "prior burglaries" of the Gas & Go had been successfully perpetrat-

1. The question put to Warman by the District Attorney was:
 Did you at any time prior to burglarizing, as you say, the Gas and Go, discuss the matter with Mr. Barnhart and the other party you named, Mr. Cole?

ed by others, thereby leading Warman to believe that he, Cole and Appellant could similarly burglarize the establishment successfully.

The impact, if any, on the jury, of such an isolated, fleeting, muddled and ambiguous response, was necessarily minor and was allowed to remain so by the trial judge, who appropriately avoided calling undue attention to it, with cautionary instructions.[2] *Jackson*, 248 Pa.Super. at 425, 375 A.2d at 170.

**2.** As the majority notes, no such instructions were requested. (At 193).