GUSTAVUS ABBOTT, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

Upon the trial of an indictment for obtaining goods under false representations as to solvency, *held,* that schedules of his assets and liabilities, made by the prisoner in proceedings in bankruptcy, were competent as evidence to show the falsity of the representations.

The prisoner was put into bankruptcy within three months after obtaining the goods. It was claimed that he was punishable only under the provisions of the United States bankrupt law, which provided for the punishment of a bankrupt who within three months prior to the commencement of proceedings in bankruptcy obtains goods on credit with intent to defraud under the false pretence of carrying on business. *Held,* untenable; that the scope of said provision and of the State statute (2 R. S., 677, § 53), under which the indictment was found, was widely different and that they could stand together; but that even if the United States statute embraced in its terms precisely the offence charged in the indictment it would not have nullified or superseded the State law.

(Submitted November 25, 1878; decided December 3, 1878.)

THE plaintiff in error was tried and convicted upon an indictment charging him with obtaining goods under false representations as to his solvency.

The prominent points presented in this court are above stated. The court cited *Fox* v. *State of Ohio* (5 How. [U. S.], 410, 434); *Commonwealth* v. *Walker* (108 Mass., 309).

*William F. Kintzing* for plaintiff in error.

*Benjamin K. Phelps* for defendants in error.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.