## Supreme Court—Appellate Division, Second Department.

March, 1903.

### THE PEOPLE v. MAX STEIN.

(80 App. Div. 357.)

1. LARCENY—INFORMATION ALLEGING PETIT OR GRAND LARCENY—TRIAL FOR EITHER.

Where the facts laid in an information constitute petit larceny or grand larceny the defendant may be charged with and put on trial for either offense.

2. TRIAL BY JURY—MISDEMEANOR.

Defendant is not entitled to trial by jury where offense is a misdemeanor.

APPEAL by the defendant, Max Stein, from a judgment of the Court of Special Sessions of the Peace of the city of New York in favor of the plaintiff, entered on the 9th day of July, 1902, convicting the defendant of the crime of petit larceny.

Richard A. Rendich, for the appellant.

Robert H. Roy, for the respondent.

JENKS, J.: The sole ground of the appeal is that as the complaint set forth facts which constituted the crime of grand lar-

ceny in the second degree, the Court of Special Sessions had no jurisdiction. The information against the defendant read as follows: "Frank McKee, of number 228 Seventh street, aged — years, occupation florist, being duly sworn, deposes and says that on the 22d day of June, 1902, in the Borough of Brooklyn, in the City of New York, and County of Kings, one Max Levy, age sixteen years, did with intent to deprive the true owner of his property, did* feloniously attempt to steal and carry away from the possession of deponent one watch and chain of the value of ten dollars, property of deponent. From the facts that deponent was standing on the Iron Pier walk at Coney Island, when he felt a pull at his watch in his vest pocket, placing his hand to his vest pocket, he came in contact with defendant's hand which had partially removed said watch and chain; deponent immediately took hold of defendant and placed him in charge of a police officer." But the record shows that the defendant was arraigned in the Court of Special Sessions upon the charge of petit larceny, pleaded not guilty thereto, was convicted thereof and sentenced for that crime. Such taking of property of value less than $25 from the possession of the owner constitutes petit larceny (Penal Code, secs. 528, 532), and as a taking from the person of the owner is certainly a taking from his possession, the facts stated in the information justified a charge of that crime. It is also true that as the taking of property of any value from the person constitutes grand larceny (Id. sec. 531), the facts stated in the information would have warranted a charge thereof. The proposition of the defendant, then, is that inasmuch as the facts in the information warranted a charge of grand larceny as well as of petit larceny, there could be no charge of petit larceny. I think that the rule is that where the facts laid in an information constitute petit larceny or grand larceny, the defendant may be charged with and put on trial for either offense. (People v. Durkin, 5 Park. 243, 252.)

---

* Sic.

The offense is the taking of property from the possession of the owner. The offense is aggravated if the property be taken from the owner's person, but the essence of the criminal act is still the taking of property. Both offenses are, in the words of SHAW, Ch. J., "several species of the same general crime, with more or fewer cirumstances of aggravation, and subject to a gradation of punishments. . . . If it is intended to charge the mitigated offense, it is sufficient to charge those facts which constitute the crime, simply omitting the circumstances which, by the statute, would aggravate the offense and increase the punishment." (Devoe v. Commonwealth, 3 Metc. 316, 327. See, too, Commonwealth v. Walker, 108 Mass. 309, 314; cited with approval in Abbott v. People, 75 N. Y. 602; People v. Smith, 57 Barb. 46, 56.) The offense was a misdemeanor (Penal Code, sec. 535), and, therefore, the defendant was not entitled to a trial by jury. (Const. [1867], art. 6, sec. 26; Const. [1894], art. 6, sec. 23; People ex rel. Comaford v. Dutcher, 83 N. Y. 240.)

The judgment of conviction should be affirmed.

BARTLETT, WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

Judgment of conviction affirmed.