PEOPLE v. MANETT.

(Supreme Court, Appellate Division, First Department.   January 10, 1913.)

1. CRIMINAL LAW (§ 87*)—JURISDICTION—COURT OF SPECIAL SESSIONS.

   Bronx County Act April 19, 1912 (Laws 1912, c. 548), which created the county of Bronx, by section 9 provided that the Courts of Special Sessions and the Magistrates' Courts within the county as now constituted by law shall have jurisdiction of such offenses as may be determined by such courts as now constituted under Laws 1897, c. 378, and amendatory acts, the same as if this act had not been passed, and that the said courts

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the county of New York and in the First judicial district shall retain and exercise the same jurisdiction they now have. *Held*, that the Court of Special Sessions of New York City continued to have jurisdiction of the crime of impairing a minor's morals committed after April 19, 1912, within the newly created county of Bronx.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 126; Dec. Dig. § 87.*]

2. CRIMINAL LAW (§ 87*)—JURISDICTION—COURT OF SPECIAL SESSIONS—MISDEMEANORS.

Under Const. art. 6, § 23, giving Courts of Special Sessions such jurisdiction of misdemeanor offenses as may be prescribed by law, any crime graded by law as a misdemeanor, including the offense of impairing a minor's morals, may be prosecuted in that court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 126; Dec. Dig. § 87.*]

Appeal from Court of Special Sessions of City of New York.

Eugene Manett was convicted of impairing the morals of a minor, and he appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Henry Waldman, of New York City, for appellant.
Louis Fabricant, of New York City, for the People.

SCOTT, J. [1] The crime for which plaintiff was convicted was committed in the borough of the Bronx on October 24, 1912. The appellant claims that the territory comprised within that borough was erected into a county by chapter 548, Laws 1912, and consequently that the Court of Special Sessions of the city of New York had no jurisdiction of a crime committed after April 19, 1912, when the Bronx County Act was passed. It is not necessary to consider at this time the constitutional objections which have been raised as to the validity of the Bronx County Act. If, for any reason, that act is invalid and void, the Court of Special Sessions has all the jurisdiction it ever had, and the appellant's contention on that point must fail. Assuming, however, that the act is valid, we are still of opinion that the Court of Special Sessions had jurisdiction to try appellant for the crime of which he was accused. The act of April 19, 1912, created the territory comprised within the borough of the Bronx into a county as of the date on which the act was passed, but, since there could not be instantly evolved a complete county government, provision was made for the subsequent organization of such a government, and, until such organization could be effected, the act continued the jurisdiction of the county officers and the City and County Courts which they had theretofore possessed. Section 9 of the act makes special provision for the continuance of the jurisdiction of the Courts of Special Sessions and the Magistrates' Courts in the following language:

"Within the county of Bronx the Courts of Special Sessions and Magistrates' Courts as now constituted by law shall have jurisdiction of such offenses as may be tried and determined by such Courts of Special Sessions and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by such Magistrates' Courts as now constituted under and by virtue of chapter three hundred and seventy-eight of the Laws of eighteen hundred and ninety-seven, and all acts amendatory thereof and supplemental thereto, the same as if this act had not been passed."

There can be no question as to the intention of the Legislature upon this subject, which is confirmed by the closing words of the section as follows:

"The said courts of the county of New York, and in the First judicial district, shall retain and exercise in all civil and criminal proceedings the same jurisdiction they now have."

We entertain no doubt of the jurisdiction of the Court of Special Sessions of the city of New York to try appellant for the crime whereof he was accused.

[2] Appellant further claims that, although the crime charged against him is only a misdemeanor, yet that it is in its nature an infamous crime which could be prosecuted only by presentment or indictment of the grand jury under section 6 of article 1 of the State Constitution. This argument overlooks the provisions of section 23 of article 6 of the Constitution, which provides that:

"Courts of Special Sessions shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law."

It has been repeatedly held that, under this provision, any crime graded by law as a misdemeanor may be prosecuted in the Court of Special Sessions. People v. Stein, 80 App. Div. 357, 80 N. Y. Supp. 847; People ex rel. Comaford v. Dutcher, 83 N. Y. 240; People ex rel. Cosgriff v. Craig, 195 N. Y. 190, 88 N. E. 38.

The conviction is affirmed. All concur.