# Commonwealth *v.* Roth, Appellant.

*Criminal law—False statement in writing to obtain credit—Act of May 8, 1913.*

Where a defendant submitted a financial statement setting forth his assets and liabilities, and later, on a charge of false pretense under the Act of May 8, 1913, it was alleged that at the time of making such statement he had liabilities other than those shown on the statement the case is for the jury and a conviction will be sustained.

*Evidence—Written memoranda—Cross-examination.*

A witness may refresh his memory by an examination of memoranda reasonably contemporaneous with the transaction to which it relates, even when made by another, when he was familiar with the circumstances and knew that the writing represented a correct history of the event.

Where direct testimony of a witness has been ruled out, the adverse party cannot be permitted to introduce such evidence under pretense of cross-examining his adversary's witness.

*Evidence—Admission of judicial records—Bankruptcy proceedings.*

, A written statement voluntarily made by a party or a witness in a judicial proceeding is an admission competent to be produced on the trial of any issue in a criminal case to which it is pertinent.

Argued Nov. 14, 1918. Appeal, No. 19, April T., 1919, by defendant, from judgment of Q. S. Allegheny Co., Oct. T., 1917, No. 198, on verdict of guilty in case of Commonwealth v. Max Roth. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment against Max Roth for false pretense. Before REID, J.

From the record it appeared that the defendant was indicted and tried on a charge of making a false written financial statement for the purpose of obtaining a credit under Section 1 of the Act of May 8, 1913, P. L. 161.

He conducted stores at Windber, Pa., and at Leechburg, Pa., and had dealt with the Selz, Schwab & Co., for several years prior to April 4, 1916. On that date he came to the place of business of Selz, Schwab & Co., and gave a financial statement upon which the prosecution was based. In it he stated his total liabilities were $4,075, that he owed to Banks $75 on one note. Credit was extended and goods shipped by Selz, Schwab & Co., upon the strength of this statement.

On May 31, 1917, proceedings in bankruptcy were instituted against defendant and schedules filed. These schedules showed that at the time of making the above financial statement the defendant was indebted on notes to M. E. Kohn for the sum of $1,100 and to Harry Schwartz upon notes to the sum of $350, a total of $1,450. These items of indebtedness were not included in the financial statement and prosecution was brought. The making of the statement and its contents were established as well as the fact that credit had been extended and goods shipped on the strength thereof. It was also shown by the bankrupt schedules that the items of indebtedness to the amount of $1,450 were not included in the financial statement.

Verdict of guilty, upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence and (5) in refusing binding instructions for the defendant.

*Charles H. Sachs,* for appellant.—The testimony of the prosecutor as to the amount of credit extended by him to the appellant on the strength of the financial statement was inadmissible, being hearsay and incompetent: Owen v. Rothermel, 21 Pa. Superior Ct. 561; Ruling Case Law, Vol. X, Sec. 372; Raysdale v. Southern Railway, 51 S. E. 540.

The appellant should have been permitted to prove by the same witness, the prosecutor, that he had paid a

great many bills contracted after the giving of the statement, as bearing on his intent and good faith.

The Commonwealth having failed to establish the corpus delicti, the schedules in bankruptcy, which were offered by the Commonwealth in the nature of admissions of the appellant, were not admissible in evidence.

*Homer N. Young,* Assistant District Attorney, and with him *Howard H. Rowand,* District Attorney, and *Weil & Thorp* and *George K. Warn,* for appellee.—When a witness has personal knowledge of certain facts, the witness may use memoranda made by other persons to refresh his memory relating to such facts: Wharton's Criminal Evidence, Vol. I, p. 431, Sec. 203; 40 Cyc. p. 2449; Gibson v. Campbell, 242 Pa. 551; Putman v. U. S. 162, p. 687.

Where evidence as to the fact of payment was objected to by defendant and excluded, the excluded evidence will not be admitted over objection upon cross-examination: Carter v. Boyle, 109 N. Y. S. 1102.

The schedules in bankruptcy proceedings were admissible in evidence to prove the falsity of the written financial statements: Commonwealth v. Ensign, 218 Pa. 400; 12 Cyc. 418; Ensign v. Commonwealth of Pennsylvania, 227 U. S. 592; U. S. v. Knoel, 230 Fed. 509.

OPINION BY KEPHART, J., January 3, 1919:

It has long been a rule of evidence that a witness may refresh his memory by an examination of memoranda reasonably contemporaneous with the transaction to which it relates, whether made by the witness or another. But if the only knowledge the witness has is that secured from the writing, his testimony is not admissible. He must know of the circumstances of which the memoranda make record at or about the time of their occurrence, and that the writing correctly records them. The original record being a true narration of what transpired, a witness may use a copy thereof. So also, a witness may have

seen a paper that recorded facts then fresh in his mind and which as there stated were correct; or a witness, from the inspection of a paper, may have brought before him a reproduction of the circumstances in connection with the particular inquiry. In such cases the witness may refresh his memory from the paper as "an aid to the mind in the support of memory," or "the mind is quickened by the memoranda": see Wharton's Criminal Evidence (10th Ed.), Vol. I, p. 431, Sec. 203. The witness should be certain, either from his present recollection as to past events that the memoranda was accurate, or, when the writing was made it was accurate, that is, it correctly recorded the events under investigation. In the latter case it is entirely competent for the witness to refresh his memory from such paper even though he has no present recollection as to the facts of which the memoranda speaks. It is necessary, in offering such evidence, like other offers of evidence where primary evidence—in this case the witness' recollection—is not available or fails, and resort must be had to this sort of secondary evidence, that a proper foundation be laid for its admission. The witness must have had some knowledge of the events at the time they took place and he must be certain that the writing correctly recites those events.

Defendant was charged with false pretense under the Act of May 8, 1913. Evidence was received showing the amount of credit extended to the defendant through the false pretense. The witness who testified to this, stated the several items or amounts of credit from a list made up by his bookkeeper showing various shipments of goods to the defendant. The witness had personal knowledge of the shipments when they were made and knew that goods were actually shipped. He stated that all of the entries in the books were made under his supervision and they were, so far as the creditor's business was concerned, original entries. The entries or lists were made for a loose-leaf ledger and the detached sheets were all that were present in court. The witness had no present

or independent recollection of the various items and amounts at the time of the trial and without the aid of the memoranda he could not testify. We think the witness brought himself well within the rule. He had a knowledge of all of the transactions at the time they occurred. They were correctly committed to writing either by himself or bookkeepers under his supervision. He knew at the time that the writing represented a correct history of the events and though the writing was not admissible as evidence, the witness laid a proper foundation for the admission of his testimony from the writing. The court below, therefore, did not commit error when such evidence was received.

The appellant objected to evidence showing the amount still owed by the defendant because it was immaterial to the issue. This objection was sustained. The defendant later on in the case offered to show certain payments had been made since the alleged false pretense. This was objected to by the Commonwealth because it had not been permitted to show the amount owed, which included the amounts that had been paid. The court declined to receive the evidence because the defendant objected to similar evidence when offered by the Commonwealth. Where the direct testimony of a witness has been ruled out, the adverse party cannot be permitted to introduce such evidence under the pretense of cross-examining his adversary's witness. Furthermore, this was a matter of defense. If the defendant desired to show innocent intent and good faith, that was part of his case and the court did not err when it refused to permit him to develop his case on cross-examination.

When the Commonwealth offered in evidence the statement referred to, which is the basis of this charge of false pretense, it undertook to prove that it was false by showing that the defendant had lately gone into bankruptcy and had submitted under oath a schedule of his assets and liabilities. The appellant contends this was not the best evidence that could be offered as to the existence of

such debts; either the testimony of the defendant or creditors to whom the debts were owed was the best evidence as to their existence and thus show the financial statement false. We cannot agree with this. The bankrupt swore to the truthfulness of these statements before the referee and it has long been a general rule of law that a written statement, voluntarily made by a party or a witness in a judicial proceeding, is, as an admission, competent against him on the trial of any issue in a criminal case to which they are pertinent: Wharton's Criminal Evidence, Sec. 664; I Greenleaf on Evidence, Sec. 225; Williams v. Commonwealth, 29 Pa. 102; Abbott v. The People of New York, 75 N. Y. 602; Commonwealth v. Ensign, 227 U. S. 592; Same Case, 40 Pa. Superior Ct. 157; United States v. Knoell, 230 Fed. 509.

The case was a proper one for submission to the jury. We have carefully reviewed it and feel that the defendant had no just ground for complaint. The judgment of the court below is affirmed and the record remitted to the court below to the end that the sentence may be carried into effect.