## Beittle v. Maco.

*Dillinger & Schneller*, for plaintiff.

*Linn H. Schantz*, for defendant and motion.

Iobst, J., June 4, 1928.—This is an action in trespass. At the trial, the plaintiff recovered a verdict in the sum of $1200. The matter is now before the court on defendant's motion for a new trial. The only reasons for new trial are: First, that the court erred in permitting plaintiff's witness, Dr. W. L. Estes, to testify from, and refer to, the records of St. Luke's Hospital which had not been properly proven or identified; and, second, in permitting Dr. Estes to testify from, and referring to, X-ray pictures taken from the files of St. Luke's Hospital which had not been properly proven and identified. The only objection we find on the record as to this evidence was in reference to the use of the X-ray pictures by the doctor to refresh his memory regarding the fracture of the bone in the leg. The doctor testified that an X-ray picture of the limb was taken, that he set the fracture on the day following plaintiff's admission to the hospital, that he used the X-ray picture referred to for the purpose of setting the fracture; that the X-ray picture is an exact picture of the limb as he found it when setting it, and that the pictures are a part of the records of the hospital. The doctor also testified that he treated the plaintiff up to the time of his discharge from the institution.

This evidence was competent, and the witness was properly permitted to use the X-ray pictures for the purpose of refreshing his memory. "It has long been a rule of evidence that a witness may refresh his memory by an examination of memoranda reasonably contemporaneous with the transaction to which it relates, whether made by the witness or another. . . . He must know of the circumstances of which the memoranda make record at or about the time of their occurrence, and that the writing correctly records them. . . . Witness may have seen a paper that recorded facts then fresh in

his mind and which, as there stated, were correct; or a witness, from the inspection of a paper, may have brought before him a reproduction of the circumstances in connection with the particular inquiry. . . . The witness should be certain, either from his present recollection as to past events that the memoranda was accurate, or when the writing was made it was accurate, that is, it correctly recorded the events under investigation. . . . The witness must have had some knowledge of the events at the time they took place, and he must be certain that the writing correctly recites those events." Com. v. Roth, 71 Pa. Superior Ct. 71, 73. See, also, Com. v. Dwyer, 79 Pa. Superior Ct. 485, 490: "That the paper was not written by the witness himself is, therefore, no fault in it. The witness may or may not, in a given instance, with propriety make use of it; but the aid may equally be a legitimate one, even though another person prepared the writing." 2 Wigmore on Evidence, § 759, citing Henry v. Lee, 2 Chitty, 124: "If, upon looking at any document, he can so far refresh his memory as to recollect a circumstance, it is sufficient; and it makes no difference that the memorandum is not written by himself, for it is not the memorandum that is the evidence but the recollection of the witness."

The motion for a new trial is, therefore, denied.

Decree.—Now, June 4, 1928, defendant's motion for a new trial is dismissed.

From Edwin L. Kohler, Allentown, Pa.