THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NELLIE PETERSON, Appellant.

County Court, Jefferson County, October 27, 1932.

*Clarence L. Crabb* [*M. C. Teepell* of counsel], for the appellant.

*Howard B. Donaldson, District Attorney, Carl J. Hynes, Assistant District Attorney, George A. Coan, Assistant Corporation Counsel,* for the respondent.

KIMBALL, J.  The appellant pleaded guilty in the City Court of Watertown to a violation of section 1146 of the Penal Law for maintaining a disorderly house.  She was sentenced to the Onondaga County Penitentiary for a term of four months and to pay a fine of fifty dollars.  The penitentiary sentence was suspended.

The appellant has taken an appeal to this court from the judgment of conviction on the ground that the City Court of Watertown was without jurisdiction.  The appellant also contends that a violation of section 1146 of the Penal Law, *i. e.,* maintaining a disorderly house, can only be prosecuted by indictment for the reason that it is an infamous crime within the meaning of the State Constitution.  The question is also raised by appellant that the sentence to the Onondaga County Penitentiary imports imprisonment at hard labor and that such a sentence is applicable only to so-called infamous crimes which must be prosecuted by indictment.

Crimes must be prosecuted by indictment except such as are cognizable by Courts of Special Sessions and Police Courts, pursuant to the provisions of statutes giving such courts jurisdiction.  (Code Crim. Proc. § 4.)

Section 1146 of the Penal Law provides that the keeping of a house of ill fame constitutes a misdemeanor.  No specific punishment is provided in said section.  Section 29 of the Penal Law provides: " Where the performance of any act is prohibited by a statute, and no penalty for the violation of such statute is imposed in any statute, the doing such act is a misdemeanor."

Section 1937 of the Penal Law provides: " A person convicted of a crime declared to be a misdemeanor, for which no other punish-

ment is specially prescribed by this chapter, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both."

Section 2196 of the Penal Law provides that a magistrate, during the continuance of an agreement with a county maintaining a penitentiary, may sentence a person for a crime or misdemeanor not punishable by imprisonment in a State prison either to the penitentiary or to the county jail, " there to be received, kept and employed in the manner prescribed by law, and the rules and discipline of such penitentiary or jail."

There is, therefore, no question that a violation of section 1146 of the Penal Law is a misdemeanor and not a felony. There is further no doubt that, if a court has jurisdiction of the offense, the person convicted may be sentenced to the penitentiary.

The first question, therefore, for determination is whether, by statute, the City Court of Watertown has jurisdiction of the crime charged. Section 56 of the Code of Criminal Procedure sets forth the misdemeanors cognizable by Special Sessions Courts. Violation of section 1146 of the Penal Law is not one of them. If the City Court of Watertown has jurisdiction of this crime, it must be found in some legislative enactment, giving to such court such jurisdiction. (*People* v. *Harris*, 123 N. Y. 70.)

Chapter 660 of the Laws of 1923 is an act to revise the charter of the city of Watertown. Title XVI of this act re-establishes the City Court and prescribes its jurisdiction and procedure.

Section 191 of said city charter gives the city judge the same power as is conferred upon the justices of the peace in criminal actions on account of offenses committed or alleged to have been committed within the boundaries of the city. The said section further provides: " While holding courts of special sessions the city judge shall have sole and exclusive jurisdiction, except as herein provided, to hear, try and determine all charges of misdemeanors as now are or hereafter may be defined by law, alleged to have been committed within the boundaries of the city, except such violations as are denominated misdemeanors, and are by said law required to be prosecuted by indictment."

Were it is not for the last clause quoted above, beginning with the word " except," there could be no question that the City Court of Watertown had jurisdiction of this offense. The meaning is perfectly clear that the Legislature gave jurisdiction to said City Court to try *all* misdemeanors as may be defined by law where they are committed or alleged to have been committed within the

boundaries of the city, the only exception being misdemeanors which, by the law creating such misdemeanors, are required to be prosecuted by indictment. This last clause making such exception apparently was carried over from the provisions of the charter, before the 1923 revision. The former provision was, "except such violations *of the liquor tax law* as are denominated misdemeanors, and are by said law required to be prosecuted by indictment." The revision deleted the words "of the liquor tax law."

The provisions of section 1146 of the Penal Law do not require that crime to be prosecuted by indictment and the "excepting" clause in section 191 of the city charter does not apply to that misdemeanor. Without deciding the point, it seems to me that the "excepting" clause is surplusage and should be stricken from the act as it leads to some confusion. The city charter gives the City Court broader jurisdiction than that of justices of the peace and said City Court has jurisdiction to try *all* misdemeanors within its boundaries unless some statute, such as the former Liquor Tax Law, provides that such misdemeanor *shall* be prosecuted by indictment.

Section 196 of said act of 1923 bears out the intention of the Legislature in this respect. That section reads as follows: "When a defendant tried by or before the city court or city judge for any offense, jurisdiction over which is not conferred upon courts of special sessions by the code of criminal procedure, but which is conferred upon the city court by this act, shall be convicted of such offense or pleads guilty before the city judge, the city judge shall have the power to render such judgment and to inflict upon such defendant such punishment as a court of record may render and inflict upon a like case as provided by law." Under this section, the City Court may inflict punishment in the instant case of imprisonment not to exceed one year and a fine of not to exceed $500 or both. Section 197 of the charter is not inconsistent, for the latter section refers generally to offenses, jurisdiction of which is or may be conferred upon Courts of Special Sessions.

It is, therefore, my opinion that the Legislature by chapter 660 of the Laws of 1923 conferred jurisdiction upon the City Court of Watertown to hear, try and determine a violation of section 1146 of the Penal Law and to impose the punishment provided for such violation.

The other questions raised upon this appeal are whether a violation of section 1146 of the Penal Law is an infamous crime and, therefore, to be prosecuted only by indictment, and if not an infamous crime,

whether a sentence to the Onondaga County Penitentiary under the statutes of this State is a punishment applicable only to infamous crimes, thus necessitating prosecution by indictment. The defendant contends that there should be an affirmative answer to each of these questions. The defendant also takes the position that if she may be deported from the United States for a conviction under this section of the Penal Law, the crime is infamous and must be prosecuted by indictment.

In *People ex rel. Pringle* v. *Livingston* (135 Misc. 475) the defendant pleaded guilty to violation of section 1146 of the Penal Law. Sentence was to Onondaga County Penitentiary. No constitutional question was raised. The court said: "A violation of section 1146 of the Penal Law constitutes a misdemeanor. When such a violation is committed in the city of Syracuse and the accused is brought before the Court of Special Sessions, or a justice thereof, that court has jurisdiction of the offense in the first instance. (Laws of 1928, chap. 188, § 2, subd. 1.) "

Is this an infamous crime as contemplated by section 6 of article 1 of the Constitution of the State of New York? I think not. The above section provides: " No person shall be held to answer for a capital or otherwise infamous crime   *   *   *   unless on presentment or indictment of a grand jury   *   *   *."

Section 18 of article 6 of the Constitution provides: " Courts of Special Sessions   *   *   *   shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law, *   *   *." The City Court of Watertown had jurisdiction of this misdemeanor by virtue of the provisions of the charter. A crime, jurisdiction of which is vested in a Court of Special Sessions, is not infamous within the provisions of section 6 of article 1 of the Constitution of New York State.

It was said in *People* v. *Manett* (154 App. Div. 540): " Appellant further claims that, although the crime charged against him is only a misdemeanor, yet that it is in its nature an infamous crime which could be prosecuted only by presentment or indictment of the grand jury under section 6 of article 1 of the State Constitution.

" This argument overlooks the provisions of section 23 of article 6 of the Constitution, which provides that ' Courts of Special Sessions shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law.'

" It has been repeatedly held that under this provision any crime graded by law as a misdemeanor may be prosecuted in the Court of Special Sessions. (*People* v. *Stein*, 80 App. Div. 357; *People ex rel. Comaford* v. *Dutcher*, 83 N. Y. 240; *People ex rel. Cosgriff* v. *Craig*, 195 id. 190.) "

Whether a crime is infamous in this State is to be determined by the punishment provided therefor.

"Whatever the original view of the subject may have been, the present judgment is that within this and similar constitutional provisions, the character of the offense is determined by the nature of the punishment rather than by its supposed moral turpitude." (*People* v. *Kaminsky,* 208 N. Y. 389.)

The defendant calls the court's attention to *Ex parte Wilson* (114 U. S. 417) and *United States* v. *Moreland* (258 id. 433). Those cases hold that under the Fifth Amendment to the United States Constitution, a crime punishable by a term of imprisonment at "hard labor" is an infamous crime and must be prosecuted by indictment. In the *Wilson* case the punishment provided by law for the offense was a fine of not more than $5,000 or by imprisonment at *hard labor* for not more than fifteen years, or both. This would have been a felony and an infamous crime in New York State. The *Moreland* case follows the decision in *Ex parte Wilson* (*supra*) and holds that imprisonment at "hard labor" is of itself sufficient to make punishment infamous. The court was divided and a strong dissenting opinion was written.

In *Hunter* v. *United States* (272 Fed. 235 [C. C. A. 4th Circuit, 1921]) the defendant was charged with violation of the provisions of the Selective Service Act of 1917 (40 U. S. Stat. at Large, 76), in that defendant kept a house of ill fame within five miles of a United States ordnance plant. The question was before the court whether this crime could be prosecuted by information or whether it was an infamous crime to be prosecuted only by indict- ment under the Fifth Amendment to the United States Constitution. The court said: "What is an infamous crime has been the subject of considerable discussion in opinions handed down by the various courts of the country, both state and national. The dividing line has sometimes, but not always, been held to be that between felonies and misdemeanors * * *. Since the adoption of the Criminal Code, which draws the dividing line between felonies and misdemeanors by designating as felonies all crimes which are punishable by imprisonment for more than a year, and as misde- meanors all other crimes, we conclude that all misdemeanors under the federal law may be tried by information, unless there should be coupled with the punishment of imprisonment some specific provision making the particular misdemeanor infamous."

Under the provisions of the Selective Service Act above mentioned, the punishment provided for the crime was imprisonment for not more than one year or a fine of not more than $1,000, or both.

It being a misdemeanor, the court, therefore, held that indictment by a grand jury was unnecessary.

In the case at bar the punishment provided is imprisonment for not more than one year or a fine of not more than $500 or both. The sentence of the City Court of Watertown was, "to be imprisoned in the Onondaga County Penitentiary for the term of four months and to pay a fine of fifty dollars and to be further imprisoned until such fine is paid, not to exceed fifty additional days; imprisonment sentence suspended during good behavior."

It is my opinion, therefore, and I decide that a violation of section 1146 of the Penal Law being a misdemeanor and not a felony, is not an infamous crime which must be prosecuted by indictment; that a person convicted of that crime may be tried in the first instance by information, by a Special Sessions Court which has been given jurisdiction by the State Legislature; that the City Court of Watertown had such jurisdiction and could sentence the defendant to the Onondaga County Penitentiary. There being nothing in the statute requiring sentence at "hard labor," and the sentence of imprisonment not being at "hard labor," I further hold that the punishment was not infamous. The fact that section 481 of the Correction Law directs the warden of the penitentiary to require of able-bodied prisoners faithful labor as may be prescribed by the rules, does not change the result. The question of whether the crime or the punishment thereof is infamous is determined by the statute prescribing the punishment. Section 481 of the Correction Law is merely directory to the warden as to what shall be done with the prisoner and how he shall be kept after he arrives. (*People ex rel. Van Houton* v. *Sadler*, 97 N. Y. 146.) Pursuing the argument of the defendant to its ultimate conclusion, any person convicted of any misdemeanor and sentenced to Onondaga County Penitentiary, would have to be prosecuted by indictment. That is not the intent of either the Constitution or the statutes.

It is argued that this defendant may be deported under the circumstances.

The question of deportation is not before me nor has this court any jurisdiction to determine such question. I am simply deciding that this defendant was properly prosecuted by information in a Special Sessions Court which had jurisdiction of a misdemeanor that was not an infamous crime under the Constitution and statutes of this State.

Judgment of conviction is affirmed.