THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LESTER
SAMUELS, Appellant.

Second Department, March 18, 1940.

*Mordecai Konowitz*, for the appellant.

*Edmund C. Rowan, Assistant District Attorney*, of counsel [*Charles
P. Sullivan, District Attorney*, with him on the brief], for the
respondent.

JOHNSTON, J.   Defendant, who is a physician, was convicted in
the Court of Special Sessions of the City of New York, County of
Queens, of the crime of perjury in the second degree.   In my
opinion the judgment should be reversed and the information dis-
missed because the court did not have jurisdiction of the subject-
matter.   Before giving my reasons, a brief review of the statutes
defining perjury and the effect of the recent amendments may be
helpful.

Prior to 1935 perjury was a crime only if committed as to "any material matter." (Penal Law, § 1620.) In 1935 materiality was deleted from the definition of perjury contained in subdivisions 1 and 2 of section 1620 of the Penal Law, which subdivisions cover perjury in so far as it consists of false swearing. At the same time two new sections (1620-a and 1620-b) were added, dividing the crime of perjury into two degrees, distinguished by materiality of the matter as to which perjury is committed. (Laws of 1935, chap. 632.) These two sections provide:

"§ 1620-a. Perjury in the first degree. A person is guilty of perjury in the first degree who commits perjury as to any material matter in or in connection with any action or special proceeding, civil or criminal, or any hearing or inquiry involving the ends of public justice or on an occasion in which an oath or affirmation is required or may lawfully be administered.

"§ 1620-b. Perjury in the second degree. A person is guilty of perjury in the second degree who commits perjury under circumstances not amounting to perjury in the first degree."

Perjury in the first degree and perjury in the second degree were declared to be felonies. (Penal Law, § 1633, as amd. by Laws of 1935, chap. 632.) In 1936 perjury in the second degree was changed from a felony to a misdemeanor. (Penal Law, § 1633, as amd. by Laws of 1936, chap. 93.) The 1935 amendments were enacted upon the recommendation of the Law Revision Commission. (Report, 1935, p. 229.)

Under the statute, as amended, a false statement as to an immaterial matter is also criminal. Whether the false statement is material or not is a question of law for the court. (*People ex rel. Hegeman* v. *Corrigan*, 195 N. Y. 1; *People* v. *Barbuti*, 207 App. Div. 285, 291.) Therefore, on the trial of an indictment charging first degree perjury, if the court decides the false statement was as to a material matter, the verdict must be either conviction of the crime charged or acquittal. Under such circumstances section 444 of the Code of Criminal Procedure does not apply. In fact, the district attorney does not invoke it. That section in part provides that "Upon an indictment for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the crime." Obviously that statute can have no application where, under a prosecution for perjury, the issues submitted to the jury relate only to the higher degree. In other words, as stated by the Law Revision Commission: "At present the two degrees of perjury are defined as mutually exclusive, so that a conviction of perjury in the second

degree would be inconsistent with the language of the statute in a case where the matter was material." (Report, 1939, p. 326.) It may also be noted that the Commission in 1939 recommended that the law be rephrased so that upon an indictment for first degree perjury the jury may bring in a verdict of guilty in the second degree (Report, 1939, p. 308), but its recommendation was not acted upon by the Legislature.

The first question to determine is: Does the information charge perjury in the first or second degree? It alleges that on April 28, 1938, the defendant, while testifying under oath as a witness in the County Court of Queens county, at the trial of one George Rothenberg, accused of abortion, willfully and knowingly testified falsely; that at Rothenberg's trial " it became *material* to inquire and ascertain whether the said defendant Lester Samuels had received any communications from George Rothenberg * * * in connection with the said abortion and the condition of one Mrs. Blake, upon whom the said abortion was performed." The information then sets forth defendant's testimony which it is claimed was false and which, in substance, was that he had not had a prior telephone communication with Rothenberg. It is then alleged that in truth and in fact defendant, on November 2 and November 5, 1936, before the grand jury, testified under oath that " Rothenberg had communicated with him by telephone, in connection with said case and the abortion on Mrs. Blake." It is further alleged that the statements made by defendant at Rothenberg's trial " were *in a material matter* in said action and were false and so made and sworn to by said Lester Samuels willfully and knowing at the time that the same were false."

That the facts alleged constitute perjury in the first degree, and nothing else, is apparent. Materiality is what distinguishes first from second degree perjury. If a defendant is prosecuted for perjury in the first degree " It must appear, either from the facts set forth * * * that the matter sworn to and upon which the perjury is assigned was material, or it must be expressly averred that it was material, and the materiality must be proved on the trial or there can be no conviction." (*Wood* v. *People*, 59 N. Y. 117, 121. See, also, *People* v. *Peck*, 146 App. Div. 266, 268; *People* v. *Gillette*, 126 id. 665, 672.) If the facts set forth in the information are not sufficient in themselves to show that the sworn statements alleged to be false were material, it is expressly alleged in the information that they were material.

Not only is it expressly averred that at the abortion trial it became *material* to ascertain if defendant had received prior communications from Rothenberg in connection with the abortion

and condition of Mrs. Blake, and that defendant's false testimony was in a material matter, but the complete testimony of the defendant at the abortion trial was offered by the district attorney and received in evidence. Portions of the defendant's testimony before the grand jury were also offered by the district attorney and received in evidence, as well as a signed statement made by the defendant to the district attorney and the police before the prosecution of Rothenberg was initiated. These exhibits show the materiality of defendant's testimony at the abortion trial. The People also proved that prior to the time the defendant testified at the abortion trial, the assistant district attorney trying the case said to the defendant: " You are my star witness. * * * I propose to prove the abortion through you. * * * This man [Rothenberg] has been indicted largely because of your medical testimony." The district attorney admits that the defendant was an essential witness before the grand jury to prove that Rothenberg aborted Mrs. Blake and also to prove certain incriminating admissions made by Rothenberg. If defendant was an essential witness before the grand jury he was an equally necessary witness at the trial. In the light of the pleading and the proof it is difficult to understand the statement in the district attorney's brief that the defendant's false testimony at the abortion trial did not relate to the issues there involved. But even if that were so, defendant's false testimony went to his credibility and " perjury may be assigned upon false testimony, going to the credit of a witness." (*People* v. *Courtney*, 94 N. Y. 490, 494. See, also, *Wood* v. *People*, *supra*.)

It is true that in the accusatory clause of the information the crime with which defendant is charged is designated as perjury in the second degree. But it is not the name the crime is given but the specific allegations of fact which control the character of the crime presented by the information. (*People* v. *Peckens*, 153 N. Y. 576, 586; *People* v. *Miller*, 143 App. Div. 251, 256; *People* v. *Seeley*, 105 id. 149, 151.)

Tested by this standard, the crime charged is perjury in the first degree, a felony of which the court had no jurisdiction.

The Special Sessions is a court of limited jurisdiction within the city of New York, dealing solely with misdemeanors. (*People* v. *Faden*, 271 N. Y. 435, 439.) It has, in the first instance, exclusive jurisdiction of misdemeanors, except libel, unless jurisdiction is divested by indictment or removal. (Code Crim. Proc. § 64, as amd.; Inferior Criminal Courts Act, § 31, as amd.; *Matter of Dodge* v. *Supreme Court of State of N. Y.*, 249 App. Div. 103; affd., 276 N. Y. 444; *People* v. *Manett*, 154 App. Div. 540.) Its

" Jurisdiction of the subject-matter is based upon the authority to hear and determine offenses of the class or grade charged in the information, and is not dependent upon the facts appearing in a particular case * * *." (*People* v. *Perrin,* 170 App. Div. 375, 377.) Its jurisdiction must appear affirmatively in the information and no presumption will be indulged in to support it. (*People* v. *McLaughlin,* 57 App. Div. 454, 456.)

In *People* v. *Jones* (142 App. Div. 180) the information charged the defendant with petit larceny (Penal Law, § 1298) in that he stole a cow. The value of the cow was not stated. Defendant was tried before a magistrate sitting as a Court of Special Sessions. He moved for his discharge on the ground that the court had no jurisdiction to try him. The motion was denied and the trial proceeded. The only proof of value was the undisputed testimony of one witness who said the cow was worth forty dollars. At that time the theft of property of the value of more than twenty-five dollars was grand larceny. At the conclusion of the evidence the defendant moved for his discharge *inter alia* on the ground that the Court of Special Sessions had no jurisdiction to try him for the offense because the value of the property was more than twenty-five dollars. The motion was denied. The defendant was convicted and the judgment was affirmed by the County Court. In reversing the judgments the Appellate Division (Third Dept.) said: " Assuming under the authority of *People* v. *Smith* (86 Hun, 485) that the information was sufficient upon which to base a warrant for larceny generally, it was not sufficient to show the crime of petit larceny which the Court of Special Sessions had jurisdiction to try because it was not shown that the value of the property did not exceed twenty-five dollars. If property of the value of more than twenty-five dollars is stolen the crime committed is grand larceny in the second degree (Penal Law, § 1296), trial for which can be had only after indictment. (Code Crim. Proc. §§ 4, 222.) Petit larceny is a misdemeanor and can be committed only by the stealing of property of the value of twenty-five dollars or less. (Penal Law, §§ 1298, 1299.) Courts of Special Sessions are given jurisdiction by subdivision 1 of section 56 of the Code of Criminal Procedure to hear and determine the crime of petit larceny, but have no jurisdiction to hear and determine charges of larceny in any other degree. Not only did the information fail to show that the value of the cow was twenty-five dollars or less, but the undisputed evidence upon the trial was that she was worth forty dollars. It thus affirmatively appeared that if in fact any crime was committed it was that of grand larceny in the second degree which the Court of Special Sessions had no jurisdiction to hear and determine.

A Court of Special Sessions being a court of limited jurisdiction the fact that it has jurisdiction in a particular case must affirmatively appear. (*People* v. *McLaughlin*, 57 App. Div. 454.) " That case is authority for holding that in the instant case the Court of Special Sessions had no jurisdiction of the crime alleged in the information.

It is suggested that *People* (*Complaint of Kane*) v. *Lefkowitz* (232 App. Div. 18; affd., 257 N. Y. 560) and *People* v. *Stein* (80 App. Div. 357) and *People* v. *Solomon* (125 id. 429), cited therein, are authorities for the proposition that the Court of Special Sessions may assume jurisdiction where the information charges a felony alone. The fact is that in none of the cases mentioned did the court decide or even consider such a proposition. In *People* (*Complaint of Kane*) v. *Lefkowitz* (*supra*) the information charged the defendant with the crime of petit larceny in two counts. The first alleged that the defendant, with force and arms, stole $100 from the complainant Kane. The second alleged that the defendant, as bailee or agent of the complainant, appropriated the $100 to his own use with intent to deprive and defraud Kane of the same. At that time the theft of property of the value of more than $100 was grand larceny. The defendant was tried in the Court of Special Sessions and found guilty. Upon appeal the defendant urged that the court " did not have jurisdiction of the crime charged in the information " and, therefore, the judgment should be reversed. Defendant contended that the information charged either grand larceny in the first degree or grand larceny in the second degree, both of which crimes are felonies. There was no basis for this contention. First degree larceny was and is the stealing of " Property of any value, by taking the same from the person of another in the night time;  *  *  *." (Penal Law, § 1294, subd. 1.) Second degree larceny was and is the stealing of " Property of any value, by taking the same from the person of another;  *  *  *." (Penal Law, § 1296, subd. 2.) The facts pleaded did not constitute larceny in the first or second degree, although the evidence showed the taking by the defendant of $100 from the complainant's person and that the crime occurred at eight-fifteen in the night time. But in determining the jurisdiction of the Court of Special Sessions the court was concerned with the pleading and not the proof. In my opinion, however, the first count, which alleged the defendant stole the $100 " with force and arms," charged a felony, either robbery in the first degree, which is " An unlawful taking  *  *  * if accomplished by force  *  *  * when committed by a person:  1. Being armed with a dangerous weapon;" (Penal Law, § 2124), or robbery in the second degree,

which is " Such unlawful taking  *  *  *  when accomplished by force  *  *  *: 1. By the use of violence;  *  *  *." (Penal Law, § 2126.)

The phrase " force and arms," when used in an indictment or information, denotes that the act complained of was done with violence. (Black's Law Dict. [2d ed.] p. 509.) Therefore, while the court did not say so, I will assume that the first count charged a felony. It cannot be disputed that the second count charged a misdemeanor. The question then before the court was: Has the Court of Special Sessions jurisdiction of the subject-matter where an information in one count alleges facts which constitute a felony and in another count alleges facts which constitute a misdemeanor? The court, in affirming the judgment, answered this question in the affirmative. In so deciding the court did not hold that the Court of Special Sessions had jurisdiction where the information alleges facts which constitute a felony alone. If in the *Lefkowitz* case (*supra*) a motion had been made to dismiss the first count because the court did not have jurisdiction of the crime charged therein, it doubtless would have been granted. It must be assumed that the court tried the defendant on the second count, which charged a crime of which the court had jurisdiction; and the judgment pronounced was a conviction for a misdemeanor, which the court was authorized to pronounce.

If an information alleges facts which constitute a felony or a misdemeanor the defendant may not be heard to complain because the district attorney elects to try him for the lesser offense. That was the situation in *People* v. *Stein* (*supra*), cited in the *Lefkowitz* case (*supra*). There the information charged that the defendant, with intent to deprive the true owner of his property, feloniously attempted to " steal and carry away from the possession of deponent one watch and chain of the value of ten dollars." Facts were also alleged showing that the defendant had partially removed the watch from the complainant's pocket. Defendant was charged with petit larceny, tried in the Court of Special Sessions and convicted. At that time the taking of property of the value of twenty-five dollars or less from the possession of the owner constituted petit larceny. (Penal Code, §§ 528, 532.) The court said: " *  *  * as a taking from the person of the owner is certainly a taking from his possession, the facts stated in the information justified a charge of that crime. It is also true that as the taking of property of any value from the person constitutes grand larceny (Id. § 531), the facts stated in the information would have warranted a charge thereof. The proposition of the defendant then is that inasmuch as the facts in the information warranted a charge

of grand larceny as well as of petit larceny, there could be no charge of petit larceny. I think that the rule is that where the facts laid in an information constitute petit larceny or grand larceny, the defendant may be charged with and put on trial for either offense. (*People* v. *Durkin*, 5 Park. 243, 252.) " By that is meant the defendant could be tried for grand larceny in the court which had jurisdiction thereof or for petit larceny in a Court of Special Sessions. In the *Stein* case (*supra*) the Court of Special Sessions had jurisdiction of the misdemeanor alleged, notwithstanding the same facts might constitute an additional and different crime.

In *People* v. *Solomon* (*supra*), also cited in the *Lefkowitz* case (*supra*), the defendants were charged with violating section 675 of the Penal Code in that they committed a disorderly act which interfered with a person boarding a street car. Defendants were tried in the Court of Special Sessions and convicted. In affirming the judgment the court said the evidence justified a finding that the defendants were united in an attempt to pick the pocket of the complainant and, therefore, they might have been charged with an attempt to commit a robbery. Nevertheless, the district attorney elected to try them for the misdemeanor in the Court of Special Sessions. As the information alleged facts constituting a misdemeanor, the court said (p. 431): " * * * the fact that the district attorney saw fit to prosecute them for a lesser crime is certainly no reason that a conviction for the lesser crime should be reversed."

As the Court of Special Sessions did not have jurisdiction of the subject-matter, the trial of the defendant was a nullity and the judgment should be reversed on the law, the information dismissed and the bail exonerated.

LAZANSKY, P. J., and HAGARTY, J., concur; ADEL, J., concurs, with memorandum; TAYLOR, J., in opinion, dissents and votes to affirm the judgment of conviction.

ADEL, J. (concurring). I concur. It is my opinion that (1) the information charges perjury in the first degree; and (2) perjury in the first and second degrees, as defined in the Penal Law, are mutually exclusive crimes. This information is not analogous to the informations or indictments in cases where more than one crime is charged, of one of which the court has jurisdiction. In those cases the defendant cannot be heard to complain when the district attorney elects to prosecute for the minor or lesser crime. Here but one crime is charged and of that the Court of Special Sessions has no jurisdiction.

TAYLOR, J. (dissenting). I vote to affirm the judgment of conviction. I am of opinion (1) that the guilt of the defendant of the

crime of perjury in the second degree, as charged, was proved beyond a reasonable doubt in the Court of Special Sessions; and (2) that such court had jurisdiction of the subject-matter of the designated charge of perjury in the second degree, notwithstanding the several allegations of the information, conclusory as distinguished from factual in their nature, suggestive of perjury in the first degree. Such allegations may be disregarded as surplusage in the information. (Joyce on Indictments [2d ed.], §§ 330, 331; *vide People* v. *Laurence*, 137 N. Y. 517, and cases cited.) They find no basis in the well-pleaded allegations of fact in the information which support the pleaded charge of perjury in the second degree. The same principles apply to an information as to an indictment. " The indictment * * * must charge the crime, and it must also state the act constituting the crime." (*People* v. *Dumar*, 106 N. Y. 502, 509; Code Crim. Proc. §§ 222, 275, 742.) The information here does indeed allege that in the abortion trial of George Rothenberg " it became material to inquire and ascertain whether the said defendant Lester Samuels had received any communications from George Rothenberg the defendant on trial for said abortion in connection with the said abortion and the condition of one Mrs. Blake, upon whom the said abortion was performed;" and at the conclusion of the information there is a general conclusory allegation of materiality. Nevertheless when these conclusions are read in connection with the factual allegations they do not make the charge one of perjury committed " as to any material matter " within the purview of section 1620-a of the Penal Law (and see Penal Law, § 1620-b), or perjury in the first degree. That the testimony pleaded in the factual allegations was legally *not* material appears on its face. The allegedly false testimony of the defendant on the Rothenberg trial, as charged in such factual allegations, related solely to what the defendant testified to before the grand jury which indicted Rothenberg; and since it related solely to the fact of the defendant's previous contradictory statements, it was manifestly not as " to any material matter." Hence the perjury committed was in the second degree. Therefore, the Court of Special Sessions had jurisdiction. Consequently the judgment of conviction should be affirmed. The information in this case is distinguishable from that in *People* v. *Erickson* (259 App. Div. 738), in which the factual allegations of the information, when separated from those which were conclusory, charged perjury in the first degree, of which crime the Court of Special Sessions lacks jurisdiction.

Judgment of the Court of Special Sessions of the City of New York, County of Queens, reversed on the law, the information dismissed and bail exonerated.